IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ALFA LIFE INSURANCE CORPORATION ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV-05-775-C |
| ) | |
| ADVANTAGE CONSULTING GROUP, INC. ) | |
| and RICHARD E. KNUTSON, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTIONS TO DISMISS COUNTS III AND IV AGAINST ADVANTAGE CONSULTING GROUP, INC. AND COUNTS I, II, III, AND IV AGAINST RICHARD E. KNUTSON**

Pursuant to Fed. R. Civ. P. 12(b)(6), defendants move this Court to dismiss Counts III and IV of the Complaint against defendant Advantage Consulting Group, Inc. ("ACG"), and Counts I, II, III, and IV against defendant Richard E. Knutson ("Knutson"). In support of the motions, defendants ACG and Knutson submit the following:

1. As stated in the Complaint, sometime in late 2001, Plaintiff Alfa Life Insurance Corporation ("Alfa") purchased the Ingenium computer system from Solcorp, a software vendor. (Complaint at ¶ 6).

2. On or about May 8, 2002, Alfa entered into a Professional Services Agreement (the "Contract") with ACG, which was signed by Knutson, as ACG's president only, for the provision of data conversion services. (Complaint at ¶ 15; *see also* p.7 of the Contract, attached to the Complaint as Exhibit A.) The Contract proposed a fixed price of $619,230.00 and a scheduled completion date of September 2, 2003. (Complaint at ¶ 14; *see also* Schedule A to Exhibit A).

3. When the installation continued beyond the scheduled completion date, Alfa agreed to pay ACG additional fees, and executed an amendment to the Contract (the "First

Amendment"), extending the deadline to complete the conversion to August 2004.  (Complaint at ¶¶ 20 and 22; *see also* Schedule F at Exhibit B, attached to the Complaint).  As expressly stated in Schedule F to the First Amendment, the contract was extended because, "[d]ue to the delay of the Solcorp project, through no fault of [ACG] or Alfa, not all services set forth in the Schedules were performed within the time frame originally agreed upon by [ACG] and Alfa." (*See* Schedule F to Exhibit B).

  4. In Counts I, II, III, and IV of the Complaint, Alfa has alleged claims of breach of contract, rescission of contract, breach of express warranty, and unjust enrichment against both Knutson and ACG.

  5. Knutson is the president of ACG, and, as alleged in the Complaint, his dealings with Alfa have only been in that capacity.  (Complaint at ¶¶ 8, 9, 10, 11, 24, 25, 37, 47, 48, 49, 52, 53, 54, 57, 58, 59, 62, 63, 66).

  6. Alabama courts have long recognized that, "[a]n agent whose status is understood by the other contracting party, and who has authority to bind his principal, does not bind himself as obligor."  *Ala. Traction Co. v. Selma Trust & Savings Bank,* 117 So. 19, 21 (Ala. 1928); *see also Chandler v. Hunter,* 340 So. 2d 818 (Ala. Civ. App. 1976) *citing Sealy v. McElroy,* 257 So. 2d 340 (Ala. 1972)("[a]n agent is presumed to intend to bind his principal only and to incur no personal liability and unless an intention to substitute or superadd his personal liability for or to that of his principal is clearly shown, he will not be bound in his individual capacity").  Accordingly, Counts I, II, III, and IV of the Complaint are due to be dismissed as against Knutson.

  7. Count III of the Complaint against ACG and Knutson is due to be dismissed on other grounds.  Count III alleges breach of express warranty, which, under Alabama law, arises

under § 7-2-313 of the Alabama Commercial Code. ALA. CODE § 7-2-313 (1975); *see also The Shutter Shop, Inc. v. Amersham Corp.,* 114 F.Supp.2d 1218, 1230 (M.D. Ala. 2000); *Miller v. Pettibone Corp.,* 693 So. 2d 1372, 1376 (Ala. 1997). The Alabama Commercial Code applies to the sale of goods, or to the sale of goods that also involves an ancillary provision of services related to those goods. *Scott v. Dixie Homecrafters,* 125 F.Supp.2d 1311, 1313 (M.D. Ala. 2000); *see also* ALA. CODE § 7-2-105. If the predominant purpose of the transaction is for the provision of services, common law breach of contract, not the Alabama Commercial Code, governs. *Scott,* 125 F.Supp.2d at 1313; *Data Processing Serv. v. L.H. Smith Oil Corp.,* 492 N.E.2d 314, 318 (Ind. App. 1986). Courts have generally held that contracts for the sale of software and/or computer programming involve services, rather than goods, and are analyzed under common law breach of contract, rather than the Uniform Commercial Code ("UCC"). *See Conopco, Inc. v. McCreadie,* 826 F.Supp. 855 (D.N.J. 1993)(court held that contract between corporation and computer consulting partnership was predominantly one for services, rather than goods, so that assignee of corporation had no claim for breach of warranty claim under the UCC); *see also Data Processing Serv.,* 294 N.E. 2d at 318 (court held that contract for development and delivery of computer program was not sale of "goods," but was contract for computer programmer's skills and knowledge in developing program, even though end result was to be preserved by tangible means). Here, the contract between Alfa and ACG was clearly an agreement for services. ACG was hired by Alfa to perform data conversion services. Indeed, throughout the Complaint and the Contract, Alfa consistently describes ACG's involvement with the Ingenium installation as a provision of "services". (Complaint at ¶¶ 9, 39, 40, 66; §§ 1.1, 1.3, 2.1, 3.1, 3.1 of the Contract of Exhibit A). Accordingly, Count II of the Complaint is due to be dismissed against both ACG and Knutson.

8. Count IV of the Complaint against ACG and Knutson is due to be dismissed on other grounds. Count IV is an unjust enrichment claim, which necessarily asks the Court to imply a contract at law. *Am. Family Care, Inc. v. Fox,* 642 So. 2d 486, 488 (Ala. Civ. App. 1994)(describing the related doctrine of quasi-contract as "the law impl[ying] a contract"). An unjust enrichment action is inappropriate when an express contract is present. "It has long been recognized in Alabama that the existence of an express contract generally excludes an implied agreement relative to the same subject matter." *Vardaman v. Bd. of Educ.,* 544 So. 2d 962, 965 (Ala. 1989). As the exhibits attached to the Complaint confirm, there were express contracts between Alfa and ACG. Accordingly, Count IV of the Complaint is due to be dismissed against both ACG and Knutson.

WHEREFORE, based on the foregoing arguments and authorities, defendants move the Court to dismiss Counts III and IV of the Complaint against Advantage Consulting Group, Inc., and Counts I, II, III, and IV of the Complaint against Richard E. Knutson.

Dated this 11th day of November, 2005.

/s/ J. Forrest Hinton _____
J. FORREST HINTON
ANNE L. WOHLFELD

Attorneys for Defendants Advantage Consulting Group, Inc. and Richard E. Knutson

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
　　CALDWELL & BERKOWITZ, P.C.
A Professional Corporation
420 North 20th Street, Suite 1600
SouthTrust Tower
Birmingham, Alabama 35203-5202
(205) 328-0480

## CERTIFICATE OF SERVICE

      I hereby certify that on November 11, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, that all parties are represented by counsel to whom the CM/ECF system will send a Notice of Electronic Filing.  Pursuant to Section II(B)(1)(a) of this Court's Administrative Procedures for Filing, Signing and Verifying Pleadings in the District Court Under the Case Management/Electronic Case Files (CM/ECF) System, such notice is the equivalent of service by hand delivery.

      Mr. William P. Gray, Jr.
      Mr. Douglas N. Robertson
      Gray & Associates, L.L.C.
      3800 Colonnade Parkway, Suite 545
      Birmingham, Alabama 35243

              /s/ J. Forrest Hinton_____
              OF COUNSEL