IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **ALFA LIFE INSURANCE CORPORATION** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**ADVANTAGE CONSULTING GROUP, INC. AND RICHARD E. KNUTSON** )<br>)<br>Defendants. )<br>) | Civil Action No.:<br>CV-05-775-C |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS COUNTS III AND IV AGAINST ADVANTAGE CONSULTING GROUP AND COUNT IV AGAINST RICHARD E. KNUTSON

COMES NOW the Plaintiff, Alfa Life Insurance Corporation ("Alfa"), by and through its attorneys of record, and files this opposition to the Defendants' Motions to Dismiss Counts III and IV against Advantage Consulting Group ("ACG") and Count IV against Richard E. Knutson. Alfa voluntarily agrees to dismiss Counts I, II, and III, against Richard E. Knutson. However, Alfa strongly opposes Defendants Motion to Dismiss Count III against ACG and Counts III and IV against ACG and Richard E. Knutson for the reasons set forth herein below.

### STANDARD OF REVIEW

"It is axiomatic that a Rule 12(b)(6), Ala.R.Civ.P., motion is to be granted only when it appears beyond doubt that plaintiff can prove no set of facts entitling plaintiff to relief." *Hancock-Hazlett General Const. Co., Inc. v. Trane Co.*, 499 So. 2d 1385,

1387 (Ala. 1986).  *See also*, *Dynegy, Inc. v. Cherokee Nitrogen Co.*, 902 So. 2d 13, 16 (Ala. 2004); *Lyons v. River Road Constr., Inc.*, 858 So. 2d 257, 260 (Ala. 2003).

**A.     COUNT III – BREACH OF EXPRESS WARRANTY**

Alfa agrees that ACG was hired to perform data conversion services and that ALA. CODE § 7-2-313 provides the remedy of breach of express warranty applies to the sale of goods.  Nevertheless, Count III against ACG, breach of express warranty, should not be dismissed because ACG gave clear and express written intent of providing Alfa with a warranty.

"Express warranties are interpreted according to general contract principles." *Bay Lines, Inc. v. Stoughton Trailers, Inc.*, 838 So. 2d 1013, 1018 (Ala. 2002) (citing *Ex parte Miller,* 693 So. 2d 1372 (Ala. 1997)).  "In order to ascertain the intention of the parties, the clear and plain meaning of the terms of the agreement are to be given effect, and the parties are presumed to have intended what the terms clearly state." *Bay Lines, Inc*, 838 So. 2d at 1018 (quoting *Terry Cove North, Inc. v. Baldwin County Sewer Auth., Inc.*, 480 So. 2d 1171, 1173 (Ala. 1985)).  Absent the Uniform Commercial Code, breach of warranty is a common law count based in contract.  *See*, *Johnson v. American Mut. Liability Ins. Co.*, 368 So. 2d 506 (Ala. 1978).

In the present case, Defendant ACG specifically and expressly warranted to Alfa "that [ACG] and its consultants [would] have the necessary skills and expertise to provide the services set forth [in the contract.]"  ACG also warranted that "[t]he services provided by [ACG would] be delivered in a workmanlike manner, [would] conform to the standards generally observed in the industry for similar services and [would] be provided with reasonable skill and care." (See Complaint, Exhibit "B," Schedule F).  The

express agreement to warrant the skill, expertise, workmanship, and conformity to industry standards could not be clearer.

Alfa agrees that that the subject warranty does not arise out of the UCC, but is governed by general contract principals. As such, the clear and plain meaning of the warranty should be given effect. ACG clearly intended to, and did, provide an express warranty for its workmanship and services, which it later breached by failing to exercise proper skill, expertise, workmanship, and conformity to industry standards. ACG cannot purport to grant an express warranty for its services and later revoke that warranty simply because the items warranted are not "goods" within the meaning of the UCC. The terms of the warranty still apply. Defendants' Motion to Dismiss Count III against ACG should be DENIED.

**B.    COUNT IV – UNJUST ENRICHMENT**

Defendants have improperly asserted that a claim for unjust enrichment "necessarily asks the Court to imply a contract at law." (See Defendants' Motion to Dismiss, ¶ 8). Defendants cited *Am. Family Care, Inc. v. Fox*, 642 So. 2d 486, 488 (Ala. Civ. App. 1994) as support for their motion to dismiss Count IV against ACG. Actually, *Am. Family Care, Inc.*, stands for the reverse of what the Defendants have asserted. Under the doctrine of quasi-contract, *unjust enrichment* is necessarily implied, not vice versa. *Family Care, Inc. v. Fox*, 642 So. 2d at 488. Defendants state no reason why Count IV against Richard Knutson should be dismissed.[1]

---

[1] Although Defendants state that "Count IV of the Complaint against ACG and Knutson is due to be dismissed," Defendants' argument for dismissal appears to only apply to ACG—not to Knutson. The only reason asserted for dismissing Count IV by the Defendants is the existence of an express contract between ACG and Alfa. Alfa has conceded that there was no contract between Alfa and Knutson. It makes no sense to argue that Count IV against Knutson should be dismissed because there was an express contract between ACG and Alfa. The burden on a Rule 12(b)(6) motion to dismiss is on the movant. Defendant Knutson has failed to meet his burden by completely failing to present any basis for his motion.

3

Unjust enrichment is an equitable remedy employed regardless of whether an express contract was or was not present. *See e.g.*, *Morrow v. Green Tree Servicing, L.L.C.*, 360 F. Supp. 2d 1246, 1251 (M.D. Ala. 2005) (allowing complaint to be amended in action for breach of contract *and* unjust enrichment); *Register v. Rus of Auburn*, 193 F. Supp. 2d 1273, 1275 (M.D. Ala. 2002) (remanding action for breach of contract *and* unjust enrichment to State Court). Nowhere in Alabama case law is a plaintiff prohibited from bringing a claim of unjust enrichment against a defendant merely because a contract exists between two parties. *Cf.*, *Regional Pacesetters v. Halpern Enter., Inc.*, 300 S.E.2d 180, 184-5 (Ga. App. 1983) (holding that, under Georgia law, unjust enrichment is available only where there is no legal contract).[2] Rather, the key inquiry is whether the defendant holds money that in good conscience belongs to the plaintiff:

> The essence of the theories of unjust enrichment or money had and received is that facts can be proved which show that defendant holds money which in equity and good conscience belongs to plaintiff or was improperly paid to the defendant because of mistake or fraud. *Wash v. Hunt*, 281 Ala. 368, 202 So.2d 730 (1967); *Birmingham Broadcasting Co. v. Bell*, 259 Ala. 656, 68 So.2d 314 (1953). The essence of the cause of action for debt is that facts can be proved which shows the defendant is obligated to pay the complainant a liquidated sum of money. *Drennen Motor Car Co. v. Evans*, 192 Ala. 150, 68 So. 303 (1915).

*Foshee v. General Telephone Co. of Southeast*, 322 So. 2d 715, 717 (Ala. 1975). *Cf.*, *Hancock-Hazlett General Const. Co., Inc.*, 499 So. 2d at 1387 (dismissing the plaintiff's claim for unjust enrichment because the plaintiff affirmatively disclosed in the complaint that the defendant did not hold money that belonged to the plaintiff).

---

[2] Alabama courts have not adopted the Georgia rule. Rather, causes of action for unjust enrichment have consistently and successfully been pled in Alabama along side claims for breach of contract.

"In order to substantiate a claim of unjust enrichment under Alabama law, a plaintiff may show that 'the donor of the benefit ... acted under a mistake of fact or in misreliance on a right or duty, or (2) the recipient of the benefit ... engaged in some unconscionable conduct, such as fraud, coercion, or abuse of a confidential relationship.'" *Morrow*, 360 F. Supp. 2d at 1251 fn.13 (quoting *Jordan*, 705 So. 2d at 458). Quite simply, "[o]ne is unjustly enriched if his retention of a benefit would be unjust." *Jordan v. Mitchell*, 705 So. 2d 453, 458 (Ala. Civ. App. 1997) (citing *Restatement of Restitution: Quasi Contracts and Constructive Trusts* § 1, Comment c. (1937)).

Alfa has alleged that the Defendants "hold[] money that in equity and good conscience belongs to Alfa." (See Complaint, ¶ 45). Alfa has asserted that it paid Defendants on the basis of fraud or mistake. (See Complaint, ¶¶ 43 & 44). Alfa is prepared to prove that Defendants do in fact hold money that in equity and good conscience belongs to the plaintiffs, and that it was paid as a result of fraud or mistake. At such time, Alfa will be entitled to recover under the cause of unjust enrichment. The existence of a contract between Alfa and the Defendants has no bearing whatsoever on the ability of Alfa to prevail on its claim for unjust enrichment.

The Defendants present no evidence, let alone evidence beyond a reasonable doubt, which would show that Alfa can prove no set of facts entitling Alfa to relief in its claim of unjust enrichment. Therefore, Defendants' Motion to Dismiss Count IV against ACG and Knutson should be DENIED.

**WHEREFORE**, Plaintiff respectfully requests Defendants' Motions to Dismiss Counts I, II, and III against Richard E. Knutson be deemed MOOT; Count III against ACG be DENIED; and Count IV against ACG and Richard E. Knutson be DENIED.

Respectfully Submitted,


**/s/ William P. Gray, Jr.**
WILLIAM P. GRAY, JR. (ASB-5268-R78W)
DOUGLAS N. ROBERTSON (ASB-1128-O76R)
Attorneys for Plaintiff,
Alfa Life Insurance Corporation

OF COUSEL:

GRAY & ASSOCIATES, L.L.C.
3800 Colonnade Parkway, Suite 545
Birmingham, Alabama 35243
Phone (205) 968-0900
Facsimile (205) 968-6534

**CERTIFICATE OF SERVICE**

      I certify that on the 29th day of November, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following

Anne L. Wohlfeld, Esq.
J. Forrest Hinton, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
1600 SouthTrust Tower
420 20th Street North
Birmingham, Alabama  35203-5202


                              **/s/ William P. Gray, Jr.**
                              Of Counsel