IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ALFA LIFE INSURANCE CORPORATION ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ADVANTAGE CONSULTING GROUP, INC. ) <br> and RICHARD E. KNUTSON, ) <br> ) <br> Defendants. ) | Case No. CV-05-775-C |

**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS'MOTION TO DISMISS COUNTS III AND IV AGAINST ADVANTAGE CONSULTING GROUP, INC. AND COUNTS I,II,III AND IV AGAINST RICHARD E. KNUTSON**

In Reply to Plaintiff's Response to Defendants' Motion to Dismiss Counts III and IV against Advantage Consulting Group, Inc. ("ACG") and Counts I, II, III, and IV against Richard E. Knutson ("Knutson") Defendants state as follows:

1.  Plaintiff Alfa Life Insurance Corporation's ("Alfa") Response concedes that particular claims, specifically Counts I, II, and III, are due to be dismissed as against Knutson, and requests that the Court deem these counts "moot." Defendants agree that such claims are due to be dismissed as against Knutson, but request the Court to formally dismiss Counts I, II, and III, rather than to merely deem them "moot."

2.  Alfa's Response erroneously asserts that Defendants' motion to dismiss Count IV as against Knutson should be denied. In support of this argument, Alfa states that Defendants have not stated a reason why Count IV against Knutson should be dismissed. Alfa's Response at 3. This assertion ignores ACG's argument in its Motion to Dismiss ("ACG's Motion"), which clearly states that Counts I, II, III, and IV are due to be dismissed as against Knutson because Knutson is the president of ACG, and his dealings with Alfa have only been in that capacity. ACG's Motion at 3. Alabama courts have long held that an agent who has authority to bind his

principal does not bind himself as obligor. *Ala. Traction Co. v. Selma Trust & Savings Bank,* 117 So. 19, 21 (Ala. 1928); *Chandler v. Hunter,* 340 So. 2d 818 (Ala. Civ. App. 1976). This reasoning applies to Count IV, Alfa's unjust enrichment claim.

     3.    Alfa further argues that Count III should not be dismissed as against ACG, because ACG represented that it had the "necessary skills and expertise to provide the services set forth [in the contract]." Alfa's Response at p. 2. Although Alfa concedes that the Alabama Commercial Code (the "UCC") does not apply in this action, Alfa still argues that it has a claim for breach of express warranty against ACG under the general common law. Alfa's Response at 2-3. Since Alabama's adoption of the UCC in December 1966, plaintiffs only have a claim for breach of express warranty under the UCC. *Johnson v. Am. Mut. Liab. Ins.,* 368 So. 2d 506 (Ala. 1978); *see also Miller v. Pettibone Corp.,* 693 So. 2d 1372, 1376 (Ala. 1997) (court affirms that, in Alabama, claims for breach of express warranty are governed by the UCC). Because the UCC does not apply in this case, Alfa cannot raise a claim for breach of express warranty, and Count III as against ACG is due to be dismissed.

     4.    Finally, Alfa argues that Count IV should not be dismissed as against ACG, and, as support, cites *Morrow v. Green Tree Serv., LLC* and *Register v. Rus of Auburn. Morrow,* 360 F.Supp.2d 1246 (M.D. Ala. 2005); *Register,* 360 F.Supp.2d 1273 (M.D. Ala. 2002). Neither of these cases holds that a plaintiff has a cause of action for both breach of contract and unjust enrichment under Alabama law. *Morrow,* 360 F. Supp. at 1246 (court allowed plaintiff to amend complaint, where no express contract was mentioned in the complaint, and plaintiff's claims were not properly pled); *Register,* 360 F.Supp.2d at 1273 (court only considered the question of whether the case should be remanded, not whether it was proper for plaintiff to allege both a breach of contract and unjust enrichment claim). Indeed, contrary to Alfa's assertion, Alabama

case law does preclude a plaintiff from bringing a claim for unjust enrichment where there is an express contract between the parties. *Vardamon v. Bd. of Educ.,* 544 So. 2d 962, 965 (Ala. 1989)("it has long been recognized in Alabama that the existence of an express contract generally excludes an implied agreement relative to the same subject matter.")  Accordingly, Count IV as against ACG is due to be dismissed.

WHEREFORE, based on the foregoing arguments and authorities, Defendants move the Court to dismiss Counts III and IV of the Complaint against Advantage Consulting Group, Inc., and Counts I, II, III, and IV of the Complaint against Richard E. Knutson.

Dated this the 6 day of December, 2005.

/s/ J. Forrest Hinton  _____
J. FORREST HINTON
ANNE L. WOHLFELD

Attorneys for Defendants Advantage Consulting Group, Inc. and Richard E. Knutson

OF COUNSEL**:**

BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.
A Professional Corporation
420 North 20th Street, Suite 1600
SouthTrust Tower
Birmingham, Alabama 35203-5202
(205) 328-0480

## CERTIFICATE OF SERVICE

      I hereby certify that on December 6, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, that all parties are represented by counsel to whom the CM/ECF system will send a Notice of Electronic Filing.  Pursuant to Section II(B)(1)(a) of this Court's Administrative Procedures for Filing, Signing and Verifying Pleadings in the District Court Under the Case Management/Electronic Case Files (CM/ECF) System, such notice is the equivalent of service by hand delivery.

      Mr. William P. Gray, Jr.
      Mr. Douglas N. Robertson
      Gray & Associates, L.L.C.
      3800 Colonnade Parkway, Suite 545
      Birmingham, Alabama 35243

      /s/ J. Forrest Hinton_____
      OF COUNSEL