IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ALFA LIFE INSURANCE CORPORATION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ADVANTAGE CONSULTING GROUP, INC. AND RICHARD E. KNUTSON )<br>)<br>Defendants. )<br>) | Civil Action No.:<br>CV-05-775-C |

**PLAINTIFF'S SUPPLEMENTAL RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTIONS TO DISMISS COUNTS III
AND IV AGAINST ADVANTAGE CONSULTING GROUP
AND COUNT IV AGAINST RICHARD E. KNUTSON**

COMES NOW the Plaintiff, Alfa Life Insurance Corporation ("Alfa"), by and through its attorneys of record, and files this supplemental brief in opposition to the Defendants' Motions to Dismiss Counts III and IV against Advantage Consulting Group ("ACG") and Count IV against Richard E. Knutson for the reasons set forth herein below.

**A.    The Breach of an Express Warranty:  Count III**

Both Alfa and ACG have agreed that the UCC provision for breach of express warranty *does not apply* to this case. This breach of warranty provision only applies to the sale of goods. ALA. CODE § 7-2-313. Where the Uniform Commercial Code does not apply, *common law principles of law and equity apply*. As stated by the UCC:

> Unless displaced by the particular provisions of this title, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation,

>     duress, coercion, mistake, bankruptcy, and other validating
>     or invalidating cause supplement its provisions.

ALA. CODE § 7-1-103(b) (1975). Alfa bases its claim for breach of express warranty for the express warranty made by ACG in the subject sale of services on the common law principles of contract, misrepresentation, and estoppel. First, ACG actually uses the language, "ACG *warrants* and represents that [ACG] and its consultants will have the necessary skills and expertise to provide the services set forth [in the contract. . . and that] . . . [t]he services provided by [ACG] will be delivered in a workmanlike manner, will conform to the standards generally observed in the industry for similar services and will be provided with reasonable skill and care." (See Complaint, Exhibit "B," Schedule F) (emphasis added). A warranty is more than just a representation. A representation is a description that may or may not be material, but a warranty is stronger—it *guarantees* the truth of the matter asserted, regardless of materiality.[1] *Outling v. Young*, 398 So. 2d 256, 258 (Ala. 1981). "[C]ontracts[] are construed to give effect to the intention of the parties thereto, and when the intention is clear and unambiguous, the [contract] must be enforced as written." *State Farm Mut. Auto. Ins. Co. v. Lewis*, 514 So. 2d 863, 865 (Ala. 1987). ACG clearly and unambiguously chose to both represent *and warrant* its services. Even if the language ACG chose to use was somehow ambiguous, "any ambiguity must be construed against the drafter of the contract." *BellSouth Communications System, L.L.C. v. West*, 902 So. 2d 653, 657 (Ala. 2004) (quoting *Ex parte Palm Harbor Homes, Inc.*, 798 So. 2d 656, 661 (Ala. 2001)). Thus, by virtue of ACG's own express language, it

---

[1] The difference between a warranty and a representation has been distinguished in the insurance policy line of contract cases. *See generally*, ALA. CODE § 27-14-7; 21 AM. JUR. PROOF OF FACTS 3d 565, Insurer's Right to Rescind Insurance Contract for the Insured's False Statements. Of course, an insurance policy is simply a contract between the insurance company and the insured. *Guaranty Nat. Ins. Co. v. Marshall County Bd. of Educ.*, 540 So. 2d 745, 748 (Ala. 1989).

warranted its services to Alfa, and Alfa's claim for breach of warranty against ACG should not be dismissed.

### B. The Unjust Enrichment: Count IV

#### 1. ALFA'S UNJUST ENRICHMENT CLAIM AGAINST ACG

Defendants are wrong to assert that Alabama law precludes a plaintiff from bringing a claim for unjust enrichment where there is an express contract between the parties. (See Defendants' Reply Brief, ¶ 4). Alabama clearly has allowed unjust enrichment *and* breach of contract to be pled together. *Craig v. Forest Institute of Professional Psychology*, 713 So. 2d 967, 76 (Ala. Civ. App. 1997) (reversing trial court's order granting motion for summary judgment on breach of contract, unjust enrichment, and other claims).[2] As support for their position, Defendants cited *Vardamon v. Bd. of Educ.*, 544 So. 2d 962, 965 (Ala. 1989). *Vardamon*, however, is not an unjust enrichment case. The plaintiff in *Vardamon* sued for personal injuries sustained when a light from the local theater fell on him and he sued under breach of express contract and breach of implied contract. Alfa has not claimed breach of an *implied* contract. It has claimed unjust enrichment, which is "a derivative claim of fraud." *Dickinson v. Cosmos Broadcasting Co., Inc.*, 782 So. 2d 260, 266 (Ala. 2000) ("The essence of the theories of unjust enrichment or money had and received is that a plaintiff

---

[2] Alabama case law is replete with further examples of plaintiffs who have claimed both breach of contract and unjust enrichment. *E.g.*, *Jones v. LMR Intern., Inc.*, 367 F. Supp. 2d 1346, (M.D. Ala. 2005); *Morrow v. Green Tree Servicing, L.L.C.*, 360 F. Supp. 2d 1246, (M.D. Ala. 2005); *Freightliner, L.L.C. v. Whatley Contract Carriers, L.L.C.*, 2005 WL 2692488 (Ala. 2005); *Hensley v. Poole*, 910 So. 2d 96 (Ala. 2005); *Leeman v. Cook's Pest Control, Inc.*, 902 So. 2d 641, (Ala.,2004); *Dynegy, Inc. v. Cherokee Nitrogen Co.*, 902 So. 2d 13 (Ala. 2004); *Davant v. United Land Corp.*, 896 So. 2d 475, (Ala. 2004); *Stewart v. Brinley*, 902 So. 2d 1, (Ala. 2004); *Welch v. Montgomery Eye Physicians, P.C.*, 891 So. 2d 837 (Ala. 2004); *Ex parte Liberty Nat. Life Ins. Co.*, 888 So. 2d 478, (Ala. 2003); *Avis Rent A Car Systems, Inc. v. Heilman*, 876 So. 2d 1111 (Ala. 2003); *Cook's Pest Control, Inc. v. Rebar*, 852 So. 2d 730, (Ala. 2002). In none of the foregoing cases were the unjust enrichment claims dismissed because there was also a contract involved or a claim for breach of contract. Rather, the cases were dispensed of on other grounds—undoubtedly due to the fact that pleading unjust enrichment along side breach of contract is normal and acceptable practice.

can prove facts showing that defendant holds money which, in equity and good conscience, belongs to plaintiff or holds money which was improperly paid to defendant because of mistake or fraud."). Clearly, Alfa's claim for unjust enrichment against ACG is a fraud-based claim that is based on the equitable principle that ACG obtained money from Alfa for services which it failed to provide. ACG has been paid in excess of $900,000 and Alfa has not received a single usable system from ACG to date. Alfa's claim for unjust enrichment is separate and unrelated to a claim for breach of contract, much less a claim for breach of an implied contract, and should not be dismissed.

## 2. ALFA' UNJUST ENRICHMENT CLAIM AGAINST KNUTSON

Knutson is incorrect to argue that Alfa's claim for unjust enrichment against him should be dismissed. Knutson bases his argument on the contract principle that an agent generally cannot be held liable as an obligor for the principal. (See Defendants' Reply Brief, ¶ 2). As stated above, Alfa's unjust enrichment claim is a "derivative claim of fraud," not a derivative claim of contract. *See*, *Dickinson v. Cosmos Broadcasting Co., Inc.*, 782 So. 2d at 266. Thus, an argument that Knutson is not bound as an obligor does not apply to Alfa's unjust enrichment claim, and the motion to dismiss Alfa's unjust enrichment claim against Knutson should not be dismissed.

**WHEREFORE**, Plaintiff respectfully renews its request that Count III against ACG be DENIED, Count IV against ACG be DENIED, and Count IV against Richard E. Knutson be DENIED.

Respectfully Submitted,


**/s/ William P. Gray, Jr.**
WILLIAM P. GRAY, JR. (ASB-5268-R78W)
DOUGLAS N. ROBERTSON (ASB-1128-O76R)
Attorneys for Plaintiff,
Alfa Life Insurance Corporation


OF COUSEL:

GRAY & ASSOCIATES, L.L.C.
3800 Colonnade Parkway, Suite 545
Birmingham, Alabama 35243
Phone (205) 968-0900
Facsimile (205) 968-6534

## CERTIFICATE OF SERVICE

I certify that on the 12th day of December, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following

Anne L. Wohlfeld, Esq.
J. Forrest Hinton, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
1600 SouthTrust Tower
420 20th Street North
Birmingham, Alabama  35203-5202


**/s/ William P. Gray, Jr.**
Of Counsel