IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

|  |  |
|---|---|
| ALFA LIFE INSURANCE ) <br> CORPORATION ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ADVANTAGE CONSULTING ) <br> GROUP, INC. AND RICHARD E. ) <br> KNUTSON ) <br> ) <br> Defendants. ) <br> ) | Civil Action No.: <br> CV-05-775-C |

**PLAINTIFF'S SECOND SUPPLEMENTAL RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS COUNTS III AND IV AGAINST ADVANTAGE CONSULTING GROUP AND COUNT IV AGAINST RICHARD E. KNUTSON**

COMES NOW the Plaintiff, Alfa Life Insurance Corporation ("Alfa"), by and through its attorneys of record, and files this second supplemental brief in opposition to the Defendants' Motions to Dismiss Counts III and IV against Advantage Consulting Group ("ACG") and Count IV against Richard E. Knutson. Plaintiff would submit the following law unto the court regarding Count IV against ACG and Knutson:

1. Unjust enrichment has been defined as:

> "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." . . . *Restitution is permitted even when the defendant retaining the benefit is not a wrongdoer.* "Restitution serves to 'deprive the defendant of benefits that in equity and good conscience he ought not to keep, even though he may have received those benefits honestly in the first instance, and even though the plaintiff may have suffered no demonstrable losses."

*Schock v. Nash*, 732 A.2d 217, 232-33 (Del. 1999) (citations omitted) (emphasis added).

  2. As stated in Plaintiff's Supplemental Submission in Opposition, unjust enrichment is a cause of action based in fraud or mistake. *See*, *Dickinson v. Cosmos Broadcasting Co., Inc.*, 782 So. 2d 260, 266 (Ala. 2000); *Hancock-Hazlett Gen. Constr. Co. v. Trane Co.,* 499 So. 2d 1385, 1387 (Ala. 1986); *Foshee v. General Tel. Co. of the Southeast,* , 322 So. 2d 715, 717 (Ala. 1975). And, like innocent misrepresentation, which is a form of fraud, scienter is not required for a court to institute the remedy of unjust enrichment against a party that holds money unjustly. *See*, *Schock*, 732 A.2d at 232-33.

  3. Just as a plaintiff may recover against a defendant for both fraud and breach of contract, a plaintiff ought to be able to recover against a defendant for both unjust enrichment and breach of contract. *See e.g.*, *Williams v. Williams*, 786 So. 2d 477 (Ala. 2000).

  **WHEREFORE**, Plaintiff respectfully renews its request that Defendants' Motions to Dismiss Count III against ACG be DENIED, Defendants' Motions to Dismiss Count IV against ACG be DENIED, and Defendants' Motions to Dismiss Count IV against Richard E. Knutson be DENIED.

           Respectfully Submitted,

           **/s/ William P. Gray, Jr.**
           WILLIAM P. GRAY, JR. (ASB-5268-R78W)
           DOUGLAS N. ROBERTSON (ASB-1128-O76R)
           Attorneys for Plaintiff,
           Alfa Life Insurance Corporation

OF COUSEL:

GRAY & ASSOCIATES, L.L.C.
3800 Colonnade Parkway, Suite 545
Birmingham, Alabama 35243
Phone (205) 968-0900
Facsimile (205) 968-6534

## CERTIFICATE OF SERVICE

I certify that on the 9th day of January, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following

Anne L. Wohlfeld, Esq.
J. Forrest Hinton, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
1600 SouthTrust Tower
420 20th Street North
Birmingham, Alabama  35203-5202

/s/ **William P. Gray, Jr.**
Of Counsel