IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ALFA LIFE INSURANCE CORPORATION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ADVANTAGE CONSULTING GROUP, INC. )<br>and RICHARD E. KNUTSON, )<br>)<br>Defendants. ) | Case No. CV-05-775-MHT |

**ANSWER OF DEFENDANT RICHARD E. KNUTSON**

Defendant Richard E. Knutson ("Knutson") responds as follows to Plaintiff Alfa Life Insurance Corporation's ("Alfa") Complaint:

**ANSWER**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Defendant incorporates his responses to the referenced paragraphs set forth above.

6. Admitted.

7. Defendant admits that Solcorp recommended to Alfa that Knutson should be hired to convert Alfa's systems. Defendants denies the remaining allegations of paragraph 7.

8. Defendant admits that he is president of Advantage. Defendant admits that Advantage is located on 103 W. College Avenue, Appleton, Wisconsin 54911. Defendant admits that Advantage has not obtained a certificate of authority to transact business in Alabama.

9. Admitted.

10. Defendant admits that he represented that Advantage had the requisite skill, experience, and employees to make the conversion from Alfa's systems to the Ingenium system. Defendant denies the remaining allegations of paragraph 10.

11. Defendant admits that he requested that Advantage be hired to perform a preliminary data conversion analysis at Alfa's office. Defendant denies the remaining allegations of paragraph 11.

12. Denied.

13. Defendant admits that Alfa hired Advantage to perform a preliminary data conversion analysis, which was conducted by Advantage at Alfa's home offices in Montgomery, Alabama. Defendant denies the remaining allegations of paragraph 13.

14. Defendant admits that Advantage ultimately entered into a contract with Alfa, providing an estimated Project End Date of September 2, 2003, and a price of $619,230.00. Defendant denies the remaining allegations of paragraph 14.

15. Defendant admits that Advantage represented that it had the requisite skill, experience, and employees to make the conversion from the systems that Alfa had in place to the Ingenium system. Defendant admits that a contract was executed by Advantage and Alfa on or about May 8, 2002. Defendant denies the remaining allegations of paragraph 15, and states that the contract attached to the Complaint as Exhibit A is incomplete.

16. Defendant asserts that the contract is the best evidence, and speaks for itself. For that reason, Defendant denies the allegations of paragraph 16.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 21, and therefore denies them.

22. Defendant asserts that the contract is the best evidence, and speaks for itself. For that reason, Defendant denies the allegations of paragraph 22.

23. Denied.

24. Defendant admits that, on or about December 28, 2003, he represented to Alfa that Advantage would staff the job with individuals with the requisite skill and expertise to complete the conversion. Defendant denies the remaining allegations of paragraph 24.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Defendant incorporates his responses to the referenced paragraphs set forth above.

32. Due to this Court's dismissal of Defendant from this claim, he is not required to respond to these allegations.

33. Due to this Court's dismissal of Defendant from this claim, he is not required to respond to these allegations.

34. Due to this Court's dismissal of Defendant from this claim, he is not required to respond to these allegations.

B ALW 705489 v1
2900506-000001 03/31/2006

35. Due to this Court's dismissal of Defendant from this claim, he is not required to respond to these allegations.

36. Defendant incorporates his responses to the referenced paragraphs set forth above.

37. Due to this Court's dismissal of Defendant from this claim, he is not required to respond to these allegations.

38. Defendant incorporates his responses to the referenced paragraphs set forth above.

39. Due to this Court's dismissal of Defendant from this claim, he is not required to respond to these allegations.

40. Due to this Court's dismissal of Defendant from this claim, he is not required to respond to these allegations.

41. Due to this Court's dismissal of Defendant from this claim, he is not required to respond to these allegations.

42. Defendant incorporates his responses to the referenced paragraphs set forth above.

43. Denied.

44. Denied.

45. Denied.

46. Defendant incorporates his responses to the referenced paragraphs set forth above.

47. Admitted.

48. Defendant admits that Advantage represented to Alfa that it had the requisite skill, experience, and employees to make the conversion from the systems that Alfa had in place to the Ingenium system. Defendant denies the remaining allegations of paragraph 48.

49. Denied.

50. Denied.

51. Defendant incorporates his responses to the referenced paragraphs set forth above.

52. Admitted.

53. Defendant admits that Advantage represented to Alfa that it had the requisite skill, experience, and employees to make the conversion from the systems that Alfa had in place to the Ingenium system. Defendant denies the remaining allegations of paragraph 53.

54. Denied.

55. Denied.

56. Defendant incorporates his responses to the referenced paragraphs set forth above.

57. Admitted.

58. Defendant admits that Advantage represented to Alfa that it had the requisite skill, experience, and employees to make the conversion from the systems that Alfa had in place to the Ingenium system. Defendant denies the remaining allegations of paragraph 58.

59. Denied.

60. Denied.

61. Defendant incorporates his responses to the referenced paragraphs set forth above.

62. Denied.

63. Denied.

64. Denied.

65. Defendant incorporates his responses to the referenced paragraphs set forth above.

66. Denied.

67. Denied.

68. Any allegations made by Alfa in its Complaint not expressly admitted or denied herein are hereby denied.

B ALW 705489 v1
2900506-000001 03/31/2006

## DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim against Defendant upon which relief can be granted.

### Second Affirmative Defense

Defendant pleads the defense of waiver.

### Third Affirmative Defense

Defendant pleads the defense of estoppel.

### Fourth Affirmative Defense

Defendant pleads the defense of unclean hands.

### Fifth Affirmative Defense

Defendant avers that any award of punitive damages to Alfa in this case will be violative of the constitutional safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

### Sixth Affirmative Defense

Defendant avers that any award of punitive damages to Alfa in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not related to legitimate government interests.

### Seventh Affirmative Defense

Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States of America in that punitive damages are penal in nature and,

6

consequently, Defendant is entitled to the same procedural safeguards afforded to criminal defendants.

### Eighth Affirmative Defense

Defendant avers that it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages against him, which are penal in nature, yet compel him to disclose potentially incriminating documents and evidence.

### Ninth Affirmative Defense

Defendant avers that it is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against Defendant, which are penal in nature, by requiring a burden of proof on Alfa which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

### Tenth Affirmative Defense

Defendant avers that any award of punitive damages to Alfa in this case will be violative of the Eighth Amendment to the Constitution of the United States of America in that the damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### Eleventh Affirmative Defense

Defendant avers that any award of punitive damages to Alfa in this case will be violative of Article I, Section 15 of the Constitution of the State of Alabama 1901, in that the damages would be an excessive fine.

B ALW 705489 v1
2900506-000001 03/31/2006

**Twelfth Affirmative Defense**

Alfa's claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, on the following separate and several grounds:

(1)  It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(2)  The procedure pursuant to which punitive damages are awarded fails to provide a reasonable limit on the amount of an award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(3)  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(4)  The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(5)  The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(6) The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

### Thirteenth Affirmative Defense

The Plaintiff's claim for punitive damages violates the Due Process Clause of Article 1, Section 6 of the Constitution of Alabama on the following separate and several grounds:

(1) It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(2) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against Defendant;

(3) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(4) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of punitive damages;

(5) The award of punitive damages in this case would constitute deprivation of property without due process of law;

(6) The procedures permit the award of punitive damages upon satisfaction of a reduced standard of proof;

(7) The procedures fail to provide a clear and consistent appellate standard of review of any award of punitive damages; and

(8) The procedures permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined;

B ALW 705489 v1
2900506-000001 03/31/2006

**Fourteenth Affirmative Defense**

The award of punitive damages to Alfa in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

**Fifteenth Affirmative Defense**

The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article l, Section 15 of the Constitution of the State of Alabama.

**Sixteenth Affirmative Defense**

The claims of Alfa for punitive damages cannot be sustained because an award of punitive damages under Alabama law subject to no pre-determined limit on the amount of punitive damages that a jury may impose, violates Defendant's due process rights guaranteed for the Fourteenth Amendment to the United States Constitution and by the due process of the provisions of the Alabama Constitution.

**Seventeenth Affirmative Defense**

The claims of Alfa for punitive damages cannot be sustained because under Alabama law, (1) the jury is not provided a standard sufficient for determining the appropriateness, or the appropriate size, or a punitive damages award, (2) the jury is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) the jury is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) the jury is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) the award is not subject to judicial review on the basis of objective standards, would violate Defendant's procedural due process and equal protection rights guaranteed by the

10

Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for the due process, equal protection, and guarantee against double jeopardy.

### Eighteenth Affirmative Defense

Any award of punitive damages based on anything other than Defendant's conduct in connection with the matters that are the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and guarantee against double jeopardy, because judgment of punitive damages in this case cannot protect Defendant against impermissible multiple punishment for the same wrong.

### Nineteenth Affirmative Defense

Any award of punitive damages in this case would violate Defendant's rights under the substantive and procedural Due Process Clause of the United States Constitution and the Constitution of the State of Alabama; the excessive fines clauses of the Eighth Amendment to the United States Constitution; the contract clause of Article Two of the United States Constitution; the Equal Protection Clause of the United States Constitution and the Constitution of the State of Alabama.

### Twentieth Affirmative Defense

The Alabama punitive damages system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted

American traditional that punishment may not be imposed in the absence of a pre-existing, express legislatively-established range of penalties.

### Twenty-first Affirmative Defense

The imposition of a punitive damages award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and constitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational.  A punitive damages award in the absence of such guidelines or standards will bear no rational or reasonable relationship to Defendant's alleged conduct in this matter or to any alleged harm to the Plaintiff, and may dwarf legislatively-established fines for comparable conduct.  A punitive damages award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause in violation of Article I, § 15 of the Alabama Constitution.

### Twenty-second Affirmative Defense

Defendant is not liable under Alfa's claims because of Solcorp's failure to timely complete the modification tasks.

### Twenty-third Affirmative Defensive

Defendant fully performed under the Contract.

### Twenty-fourth Affirmative Defense

All or a portion of monies claimed by Alfa are set off by monies owed to Defendant by Alfa.

### Twenty-fifth Affirmative Defense

Alfa is not entitled to a claim for unjust enrichment because of the existence of an express contract between the parties.

B ALW 705489 v1
2900506-000001 03/31/2006

## JURY DEMAND

### DEFENDANT DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS AND DEFENSES

/s/ J. Forrest Hinton
J. FORREST HINTON
ANNE L. WOHLFELD

Attorneys for Defendants Advantage Consulting Group, Inc. and Richard E. Knutson

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
   CALDWELL & BERKOWITZ, P.C.
A Professional Corporation
420 North 20th Street, Suite 1600
SouthTrust Tower
Birmingham, Alabama 35203-5202
(205) 328-0480

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, that all parties are represented by counsel to whom the CM/ECF system will send a Notice of Electronic Filing. Pursuant to Section II(B)(1)(a) of this Court's Administrative Procedures for Filing, Signing and Verifying Pleadings in the District Court Under the Case Management/Electronic Case Files (CM/ECF) System, such notice is the equivalent of service by hand delivery.

   Mr. William P. Gray, Jr.
   Mr. Douglas N. Robertson
   Gray & Associates, L.L.C.
   3800 Colonnade Parkway, Suite 545
   Birmingham, Alabama 35243

/s/ J. Forrest Hinton
OF COUNSEL

B ALW 705489 v1
2900506-000001 03/31/2006