IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ALFA LIFE INSURANCE CORPORATION ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ADVANTAGE CONSULTING GROUP, INC. ) <br> and RICHARD E. KNUTSON, ) <br> ) <br>     Defendants. ) | Case No. CV-05-775-MHT |

**DEFENDANTS' MOTION TO COMPEL JOINDER OF SOLCORP**

Pursuant to Fed. R. Civ. P. 19(a), Defendants Advantage Consulting Group, Inc. ("Advantage") and Richard E. Knutson ("Knutson") (collectively "Defendants") move to compel the joinder of Solcorp as a party-defendant to this action. In support of this motion, Defendants state as follows:

1. Plaintiff Alfa Life Insurance Corporation ("Alfa") filed this suit in this Court on August 11, 2005, seeking compensatory and punitive damages under the theories of breach of contract, rescission of contract, breach of express warranty, unjust enrichment, willful misrepresentation, reckless misrepresentation, innocent misrepresentation, suppression, and negligence.

2. In part, Alfa based these claims on Advantage's alleged failure to complete the data conversion from Alfa's CFO and other internal-based systems to Solcorp's Ingenium system (the "Data Conversion") in a timely manner.

3. As more fully described in Defendants' Memorandum in Support of Defendants' Motion to Compel Joinder of Solcorp ("Defendants' Memorandum"), Advantage's ability to complete this Data Conversion was entirely dependent upon Alfa's and Solcorp's completion of certain modifications tasks. These requisite and respective tasks are set out and detailed in the

1

Alfa/ Advantage/ Solcorp Chart of Project Responsibilities (the "Chart"), attached to Defendants' Memorandum as Exhibit 2.

4. As illustrated by the Chart, Alfa and Solcorp shared all responsibilities for the installation of the Ingenium system (the "Installation"). Their obligations included, but were not limited to, analyzing regulatory and administrative requirements, creating system structures, determining specifications for modifications, implementing such modifications, and performing integrated testing. In total, Alfa's and Solcorp's responsibilities accounted for approximately 80% of installation effort. Advantage played a supporting role in the Installation, only providing data conversion services, as expressly set in the Chart. *See* Exhibit 2.

5. Despite the admitted denomination of the conversion effort as "the Solcorp Project", the presence of a "Solcorp Team" at Alfa's offices during the Installation, e-mails and multiple press releases lauding Alfa's and Solcorp's relationship and actions, and Solcorp's primary responsibility for the Installation's delay, Alfa inexplicably did not name Solcorp as a party defendant in its Complaint. Copies of the Consulting Services Agreement, denominating the conversion effort as the "Solcorp Project," press releases, and a June 10, 2003 e-mail from Anthony Shahoud to Mark Kimmell, noting the presence of the "Solcorp Team" at Alfa's offices are attached to Defendants' Memorandum as Exhibit 2, Exhibit 1 and Exhibit 5, respectively.

6. Rule 19 provides that when a necessary party's joinder is feasible, "the court shall order that the person be made a party. . . " Fed. R. Civ. P. 19(a). Solcorp's joinder is feasible because Solcorp is subject to service in this district, and its joinder will not deprive the court of diversity jurisdiction over this matter. *See* Fed. R. Civ. P. 19(a).

7. Moreover, Solcorp is a necessary party whose presence is essential for just adjudication of this matter because (a) complete relief cannot be accorded among the parties in

Solcorp's absence; (b) Solcorp has an interest in the subject matter of this litigation, and its ability to protect its interest is impaired by its absence; and (c) Defendants will be prejudiced by Solcorp's absence because they suffer a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. *See* Fed. R. Civ. P. 19(a)(1)-(2).

8. Solcorp should be joined as a party-defendant to this action as more fully set forth in Defendants' Memorandum, filed contemporaneously herewith.

9. Defendants reserve the right to supplement this motion, as they are expecting a large document production from Alfa, which will contain additional documents regarding Solcorp's activities on behalf of Alfa.

WHEREFORE, Defendants move to compel the joinder of Solcorp as a party-defendant in this action.

/s/ J. Forrest Hinton
J. FORREST HINTON
ANNE L. WOHLFELD

Attorneys for Defendants Advantage Consulting Group, Inc. and Richard E. Knutson

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.
A Professional Corporation
420 North 20th Street, Suite 1600
Wachovia Tower
Birmingham, Alabama 35203-5202
(205) 328-0480

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 13, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, that all parties are represented by counsel to whom the CM/ECF system will send a Notice of Electronic Filing. Pursuant to Section II(B)(1)(a) of this Court's Administrative Procedures for Filing, Signing and Verifying Pleadings in the District Court Under the Case Management/Electronic Case Files (CM/ECF) System, such notice is the equivalent of service by hand delivery.

    Mr. William P. Gray, Jr.
    Mr. Douglas N. Robertson
    Gray & Associates, L.L.C.
    3800 Colonnade Parkway, Suite 545
    Birmingham, Alabama 35243

                                              /s/ J. Forrest Hinton_____
                                              OF COUNSEL

B ALW 706869 v1
2900506-000001 04/13/2006