IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| ALFA LIFE INSURANCE CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV-05-775-MHT |
| | ) | |
| ADVANTAGE CONSULTING GROUP, INC. | ) | |
| and RICHARD E. KNUTSON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO COMPEL JOINDER OF SOLCORP**

In support of its Motion to Compel Joinder of Solcorp, Defendants Advantage Consulting Group, Inc. ("Advantage") and Richard E. Knutson ("Knutson") (collectively "Defendants") submit the following arguments and authorities:

**I.    INTRODUCTION**

In 2001, Plaintiff Alfa Life Insurance Corporation ("Alfa") decided to undertake a massive upgrade of its internal and CFO-based life insurance database systems. After a lengthy review process involving a number of vendors, Alfa chose to work with Solcorp, a wholly-owned subsidiary of Electronic Data Systems ("EDS")[1], and an acknowledged leader in providing software solutions and consulting services worldwide for the life insurance industry. In part, Alfa selected Solcorp because of its Ingenium software system ("Ingenium"). Ingenium is a browser-based, back-office administration system for insurance and wealth management processing, which offers a complicated data structure of high-performance, web-services enabled

---

[1] EDS is a leading global services company, which provides strategy, implementation and hosting for clients managing the business and technology complexities of the digital economy. EDS reported revenues of $20, 537.0 billion in 2006, and is a Fortune 500 company. EDS's stock is traded on the New York Stock Exchange and the London Stock Exchange.

1

policy administration systems for high volume environments, and is generally marketed to large corporations, such as Alfa. Indeed, in its press releases regarding Ingenium, attached hereto as Exhibit 1, Solcorp listed Alfa, AOBA Life Insurance, Prudential Financial, Savings Bank Life Insurance Company of Massachusetts, and Southern Farm Bureau Life Insurance Company as its key customers.

Ingenium's complicated data structure contains hundreds of database tables and thousands of computer programs. In most cases, as it was here, the Ingenium installation effort (the "Installation" or the "Solcorp Project"[2]) is divided into several categories, and was estimated to take between one to two years to complete. Alfa and Solcorp shared joint responsibility for the majority of these categories, including but not limited to all modifications tasks. Because the data conversion category of the Installation could easily be outsourced, pursuant to Solcorp's recommendation, Alfa hired Advantage, a relatively small boutique company, to perform these tasks. However, Advantage's ability to perform the data conversion tasks was entirely dependent on Alfa's and Solcorp's completion of the modifications tasks. These requisite and respective tasks are detailed in a chart (the "Chart"), attached hereto as Exhibit 3.

On May 8, 2002[3], Alfa entered into a Professional Services Agreement (the "Contract"), which included a number of associated schedules. Schedule B of the Contract listed a fixed-price for Advantage's anticipated data conversion services, and the estimated project end date of September 2, 2003. *See* Schedule B, attached hereto as Exhibit 4. Because Advantage's ability to meet the project end date was totally contingent upon Alfa's and Solcorp's completion of the modifications tasks, Schedule B included a reservation of right for Advantage to invoice

---

[2]  So referenced by Alfa in the Consulting Services Agreement, attached hereto as Exhibit 2.

[3]  The term of the Contract was from February 25, 2002 to February 25, 2004. Due to delays in Alfa's legal department, the Contract was not signed until May 8, 2002.

additional fees if the estimated project end date was extended. *See* Exhibit 4. The project end date was expressly extended, **"[d]ue to the delay of the Solcorp project, through no fault of Advantage or Alfa."** *See* Exhibit 2. Recognizing that the delay was not caused by any action or inaction by Advantage, Alfa entered into a new agreement with Advantage, extending the estimated project end date to August 1, 2004. *See* Exhibit 2. Once again, however, Solcorp and Alfa failed to timely complete the modifications tasks before the August 1, 2004 deadline. Accordingly, Advantage was unable to finish the data conversion tasks by the anticipated project end date.

Even though each estimated project end date was missed due to Solcorp's delay, and despite the fact that Advantage's ability to complete the data conversion tasks was dependent on Alfa's and Solcorp's completion of the modifications tasks, Solcorp was inexplicably not included as a party-defendant in this action. Because Solcorp was, and still remains, a key player in the Installation, pursuant to Fed. R. Civ. P. 19(a), Solcorp should be joined as a necessary party whose presence is essential for just adjudication of this matter.

## II.    DISCUSSION

Rule 19(a) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action ***shall be joined*** as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) a person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest. ***If the person has not been so joined, the court shall order that the person be made a party …***

Fed. R. Civ. P. 19(a) (emphasis added).

Rule 19(a) imposes a two-part test, examining whether (1) complete relief may be accorded in the absence of an unnamed party, and (2) the absent party or the current litigants will

3

be prejudiced without such joinder. *See Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.,* 669 F.2d 667, 670 (11th Cir. 1982). Under Rule 19(a), "a party is considered 'necessary' to the action if the court determines either that complete relief cannot be granted with the present parties or the absent party has an interest in the disposition of the current proceedings." *Laker Airways, Inc. v. British Airways, PLC,* 182 F.3d 843, 847 (11th Cir. 1999). "[I]n making [the] decision, 'pragmatic concerns, especially the effect on the parties and the litigation,' control." *Challenge Homes,* 669 F.2d at 669.

### A. Joinder of Solcorp is Feasible.

Solcorp has had multiple contacts with the State of Alabama, in conjunction with the Solcorp Project for Alfa over the past several years, and is thus subject to this Court's jurisdiction. Solcorp has dealt extensively with Alfa since their initial contact in 2001, and has spent substantial time in Alfa's home offices in Montgomery, Alabama. Indeed, Alfa expressly referred to the conversion effort as the Solcorp Project. *See* Exhibit 2. As demonstrated by the e-mail attached hereto as Exhibit 5, Solcorp sent a "Solcorp team" to Alfa's offices to assist with the Ingenium installation. Moreover, because Solcorp is a Canadian corporation, its joinder will not destroy the complete diversity of the parties in this litigation. *See* 28 U.S.C. § 1331. Accordingly, joinder of Solcorp to this litigation is feasible.

### B. Complete Relief Cannot Be Accorded in Solcorp's Absence.

Solcorp's failure to timely complete the modifications tasks in the Ingenium installation hampered Advantage's efforts to meet the estimated project end dates. Alfa expressly acknowledged the impact of Solcorp's delay in the Consulting Services Agreement, stating, "[d]ue to the delay of the Solcorp project, through no fault of Advantage or Alfa, not all services set forth in the Schedules were performed within the time frame originally agreed upon by

4

Advantage and Alfa." *See* Exhibit 2. However, despite this clear acknowledgement of Solcorp's responsibility for the delay, Alfa failed to name Solcorp as a party-defendant in this action.

Solcorp is a necessary party in this action, and complete relief cannot be accorded to the parties in this litigation absent its joinder. *See Focus on the Family v. Pinellas Suncoast Transit Authority,* 344 F.3d 1263 (11th Cir. 2003) (court held that complete relief could not be accorded absent unnamed party, and compelled its joinder). In its Complaint, Alfa alleges that Defendants were negligent in the performance of their agreement with Alfa on the Solcorp project. Alfa has admitted, through its contractual language and in the aforementioned Chart that Solcorp is essentially a joint tortfeasor whose involvement is "critical to the disposition of the important issues in this litigation." *See* Exhibit 2; *Haas v. Jefferson Nat. Bank,* 442 F.2d 394, 398 (5th Cir. 1971). Accordingly, Solcorp is a necessary party. *See Haas,* 442 F. 2d at 398. To analyze these claims without duly considering Solcorp's liability for its involvement in the Ingenium installation would deprive Defendants' of a just adjudication of the case, and would preclude Alfa, as plaintiff, and Advantage, as defendant and counterclaimant, from obtaining complete relief.

    **C.**    **Advantage and Solcorp Will Be Prejudiced Absent Joinder of Solcorp.**

Solcorp's interests are clearly implicated in this litigation. Solcorp is the creator and vendor of Ingenium, and has been involved on a day-to-day basis with Alfa's Ingenium installation effort. Indeed, as previously mentioned, Alfa's Consulting Services Agreement with Advantage attributes at least one of the missed project end dates to Solcorp's delay. Curiously, Alfa failed to include Solcorp as a party-defendant in this litigation. Such exclusion undoubtedly prejudices Defendants as counterclaimants, and as more fully described above. It further prejudices Solcorp, in that, by excluding Solcorp from this action in which it could be jointly and severally liable, Alfa has potentially exposed Solcorp to Alfa's potential "second bite at the

5

apple" through re-litigation of essentially the same claims. In addition, Alfa's failure to join Solcorp could negatively impact the administration of justice. If Solcorp is sued by Alfa at a later date, a court will be compelled to hear essentially the same case. Such re-litigation works directly against the laudable goals of judicial efficiency and economy.

Finally, Advantage may be subject to double, multiple, or inconsistent obligations in Solcorp's absence. Alfa has alleged in its Complaint that Advantage is liable for compensatory and punitive damages. Solcorp's failure to timely complete the modifications tasks caused Advantage to miss the estimated project end dates, and thus opened Advantage up to such liability. Without fully taking Solcorp's responsibilities and delays into account, without Solcorp present to answer for the repercussions of the delay it caused, a just adjudication of this matter cannot be reached. Furthermore, Solcorp might name Advantage as a third-party defendant in a future lawsuit brought by Alfa.

### III.   CONCLUSION

For the reasons stated above, Solcorp is a necessary party to this action. Solcorp is subject to service of process, and its joinder will not destroy this Court's diversity jurisdiction. Moreover, absent joinder of Solcorp, the parties to this action cannot be accorded complete relief, and will be denied the just adjudication of this matter.

/s/ J. Forrest Hinton
J. FORREST HINTON
ANNE L. WOHLFELD

Attorneys for Defendants Advantage Consulting Group, Inc. and Richard E. Knutson

OF COUNSEL**:**

BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.
A Professional Corporation
420 North 20th Street, Suite 1600
Wachovia Tower
Birmingham, Alabama 35203-5202
(205) 328-0480

## CERTIFICATE OF SERVICE

      I hereby certify that on April 13, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, that all parties are represented by counsel to whom the CM/ECF system will send a Notice of Electronic Filing. Pursuant to Section II(B)(1)(a) of this Court's Administrative Procedures for Filing, Signing and Verifying Pleadings in the District Court Under the Case Management/Electronic Case Files (CM/ECF) System, such notice is the equivalent of service by hand delivery.

      Mr. William P. Gray, Jr.
      Mr. Douglas N. Robertson
      Gray & Associates, L.L.C.
      3800 Colonnade Parkway, Suite 545
      Birmingham, Alabama 35243

                                        /s/ J. Forrest Hinton
                                        OF COUNSEL

B ALW 706976 v1
2900506-000001 04/13/2006