**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| **ALFA LIFE INSURANCE CORPORATION** ) ) ) ) **Plaintiff,** ) ) v. ) ) **ADVANTAGE CONSULTING GROUP, INC. AND RICHARD E. KNUTSON** ) ) ) ) ) **Defendants.** ) ) | **Civil Action No.: 2:05-cv-775-MHT** |

**CONSENT PROTECTIVE ORDER**

**COMES NOW** Plaintiff ALFA LIFE INSURANCE CORPORATION ("Alfa"), and states that it is or may be producing tangible items or information during the discovery process that might reveal confidential, privileged, trade secret, and proprietary information that should not be disclosed outside of this litigation. Some information of that type already has been requested and will be produced in response to discovery sought by Defendant. Accordingly, all parties hereto stipulate and agree, subject to this Court's approval, that:

1. <u>Definition of Confidential Information</u>. "Confidential information" as used herein means any information which is designated as "confidential" by a party or other person producing such information (the "Designating Entity"). Information shall be designated as confidential only upon a good faith belief that the information is confidential and subject to protection under Fed. R. Civ. P. 26(c).

2. <u>Designation of Confidential Information</u>. Documents containing

Confidential Information shall be designated as confidential by placing the following legend (or a substantial equivalent) on the document:

> **PRODUCED SUBJECT TO A PROTECTIVE ORDER IN *ALFA LIFE INSURANCE CORPORATION V. ADVANTAGE CONSULTING GROUP, INC., ET AL.*, IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, CV-05-775-C**

For purposes of this Order the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Rule 30 and/or Rule 45 subpoena, by agreement or otherwise. Interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize or contain materials entitled to protection may be designated as confidential but, to the extent feasible, shall be prepared in such a manner that Confidential Information is bound separately from that not entitled to protection.

3. <u>Non-Disclosure of Confidential Information</u>. No Confidential Information may be disclosed to, disseminated to, or otherwise discussed with, any person, except with the prior written consent of the Designating Entity, or as hereinafter provided under this Order. Any summary, copy, electronic imaging or database, of any Confidential Information likewise shall be subject to the terms of this Order to the same extent as the Confidential Information from which the summary or copy is made. Persons obtaining access to Confidential Information under this Order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial,

or administrative or judicial proceedings. However, nothing in this Order shall be deemed to restrict in any manner the use by any party of its own documents or materials.

    4.    <u>Permissible Disclosures of Confidential Information</u>.

        a.    Subject to paragraph 3, Confidential Information may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the lawyers, secretaries, paralegal assistants and employees of such attorney to the extent reasonably necessary to render professional services in this litigation, and to court officials and court reporters involved in this litigation.

        b.    Subject to paragraph 3, Confidential Information may also be disclosed to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify, and to outside consultants or experts retained for the purpose of assisting counsel in this litigation, provided, however, that in all such cases the individual to whom disclosure is to be made has reviewed this Order and executed an affidavit of compliance in the form attached hereto as Exhibit "A."

    5.    <u>Confidential Information in Depositions</u>.

        a.    During a deposition, a deponent may be shown and examined regarding Confidential Information if the deponent has access to the Confidential Information or if there has been compliance with the provisions of paragraph 4(b). Deponents shall not retain or copy portions of the transcript of their deposition that contain Confidential Information not provided by them or the entities with which they are affiliated unless they sign the form prescribed in paragraph 4(b). A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being

examined about, or asked to produce, potential Confidential Information.

        b.     At the time of the deposition or within thirty (30) days after receiving a deposition transcript, parties (and deponents) may designate all or portions of the transcript (and exhibits thereto) as containing Confidential Information. Confidential Information within the deposition transcript may be designated by a statement made on the record or by indicating page and line numbers of such information by correspondence. Until expiration of the thirty (30) day period, the entire deposition will be treated as subject to protection against disclosure under this Order. If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits (unless the exhibits have previously been designated as Confidential Information pursuant to paragraph 2) will be granted as Confidential Information. If a timely designation is made, the Confidential Information portions and exhibits shall be maintained under seal separate from the portions and exhibits not so marked.

     6.     <u>Informal Resolution Encouraged</u>. If a party objects to the classification of documents, testimony or information as Confidential Information on the grounds that such documents, testimony or information are not entitled to such status and protection, the objecting party shall notify in writing counsel for the Designating Entity, setting forth the reasons supporting such objections and specifying the Bates numbers for the documents, or page and line numbers for the transcripts in question. The objecting party and the Designating Entity shall promptly meet and confer in a good faith attempt to resolve the objection. If the parties cannot resolve the objection, the Designating Entity

shall respond within thirty (30) days of its receipt of such notification (or such longer period as may be agreed to by counsel or for good cause shown), by either (i) withdrawing the classification or (ii) stating the refusal to do so. Failure to respond shall be construed as a refusal. Upon receipt of notification of refusal, counsel for the objecting party may apply, in accordance with the Federal Rules of Civil Procedure, to the court for an order removing the Confidential Information designation. The Designating Entity shall be given notice of the application for declassification and an opportunity to respond in writing in accordance with the Federal Rules. While the motion is pending, and for a period often (10) days following any order that such information is not Confidential Information (and for any period during which an appeal of any such order is pending), the information shall be treated as Confidential Information. If any document designated as containing Confidential Information is declassified pursuant to this paragraph, a copy of the document without that designation shall be produced.

7. <u>Subpoena by Other Courts or Agencies</u>. If Confidential Information which a party has obtained under the terms of this Order is subpoenaed or its production is otherwise demanded, such party shall promptly notify in writing the Designating Entity of the receipt of such subpoena or order, and shall cooperate with the Designating Entity in ensuring continued confidential treatment of such documents.

8. <u>Filing Under Seal Only</u>. Documents containing or disclosing the substance of Confidential Information shall not be filed with the Court except when required in connection with motions under Fed. R. Civ. P., Rule 12 or 56 or other matters pending before the Court. If it is deemed necessary to bring to the attention of the Court any

Confidential Information, the pleading, brief, or other document containing such information or reference thereto shall be filed with the Clerk of Court in a sealed container labeled with the title of this action, an identification of the nature of its contents, the identity of the party filing the material, the words "CONFIDENTIAL INFORMATION," and a statement substantially in the following form:

SUBJECT TO PROTECTIVE ORDER

NOT TO BE OPENED OR THE CONTENTS
REVEALED EXCEPT (1) TO THE COURT
OR (2) BY ORDER OF THIS COURT

9. <u>Client Consultation</u>. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential Information; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any items so designated by another party.

10. <u>Return of Confidential Information</u>. Within one hundred twenty (120) days after conclusion of all aspects of this litigation, all documents containing Confidential Information and all copies of same (other than exhibits of record) shall be returned to the Designating Entity or, at the option of the Designating Entity, shall be destroyed. Counsel of record shall make written certification of compliance herewith and shall deliver the same to counsel or the Designating Entity not more than one hundred fifty (150) days after final termination of this litigation.

11. <u>Inadvertent Disclosure</u>. Inadvertent disclosure of any document or information in this action shall be without prejudice to any claims that such material is

Confidential Information, privileged, work product or otherwise protected from discovery, and no party shall be held to have waived any rights by such disclosure. Any document or information so disclosed and subject to a subsequent claim of privilege, work product or other protection, shall be returned immediately to the appropriate party and such document or information shall not be introduced into evidence in this or any other proceeding by any person without either (i) the consent of said party or (ii) by order of the court, nor will such document or information be subject to production (other than *in camera*) in any proceeding by virtue of the fact that it was inadvertently produced in this proceeding.

12. <u>Non-Waiver</u>. Disclosure of Confidential Information to third parties by any party or person, except the Designating Entity, shall not waive the confidentiality of such information, or the obligations hereunder.

13. <u>Modification Permitted</u>. Nothing in this Order shall prevent any party from seeking modification of this Order to seek additional or different protection under the FEDERAL RULES OF CIVIL PROCEDURE, including that certain information not be disclosed under any circumstances, or from objecting to discovery that it believes to be otherwise improper.

14. <u>Added Parties</u>. This Order shall inure to the benefit and be binding upon any future party or counsel to this litigation as well as upon any non-party who produces documents in this litigation.

15. <u>Responsibility of Attorneys</u>. The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of,

access to, and distribution of Confidential Information.

16. <u>Sanctions for Violation</u>. The Court will assess appropriate sanctions against persons violating the provisions of this Order. This provision for sanctions is in addition to and not in lieu of the right that any party injured by a violation of this Protective Order may have to pursue claims for damages and such other relief that may be deemed appropriate under law or in equity, including but not limited to injunctive relief.

17. <u>Court Retains Jurisdiction</u>. After the conclusion of this litigation, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to Confidential Information produced pursuant to this Order for the purpose of enforcement of this Order.

Done this 14th day of April, 2006.

　　　　　　　　　　　　　　　　　　/s/Charles S. Coody
　　　　　　　　　　　　　　　　　CHARLES S. COODY
　　　　　　　　　　　　　　　　　CHIEF UNITED STATES MAGISTRATE JUDGE

ISSUANCE OF THE FOREGOING ORDER IS HEREBY MOVED, REQUESTED, CONSENTED, AGREED TO, AND APPROVED:

| **Attorneys for Plaintiff Alfa:** | **Attorneys for Defendant Advantage:** |
|---|---|
| **/s/ William P. Gray** | **/s/ J. Forrest Hinton** |
| William P. Gray | J. Forrest Hinton |
| | |
| **/s/ Douglas N. Robertson** | **/s/ Anne L. Wohlfeld** |
| Douglas N. Robertson | Anne L. Wohlfeld |
| | |
| | Baker, Donelson, Bearman, Caldwell & Berkowitz, PC |
| Gray & Associates, LLC | 1600 SouthTrust Tower |
| 3800 Colonnade Parkway, Ste 545 | 420 20th Street North |
| Birmingham, Alabama  35243 | Birmingham, Alabama  35203 |

# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

|  |  |
|---|---|
| **ALFA LIFE INSURANCE CORPORATION** )<br>)<br>)<br>)<br>**Plaintiff,**        )<br>)<br>**v.**                                   )<br>)<br>**ADVANTAGE CONSULTING**  )<br>**GROUP, INC. et al.**          )<br>)<br>**Defendants.**           )<br>) | **Civil Action No.:**<br>**2:05-cv-775-MHT** |

## ACKNOWLEDGMENT AND AFFIDAVIT OF COMPLIANCE

I hereby acknowledge that I have been given a copy of the Consent Protective order dated, _____, 2006, in the case captioned *Alfa Life Insurance Corporation v. Advantage Consulting Group, Inc. et al.* 2:05-cv-775-MHT that I have read the Consent Protective Order; and that I agree to be bound by it. I further understand and agree that I shall not disclose Confidential Information to others, except in accordance with the Protective Order. I further understand and agree that my obligation to honor the confidentiality of such Confidential Information will continue even after the termination of this litigation. I further understand and agree that, in the event that I violate the terms of the Protective Order, I will be subject to sanctions, including but not limited to sanctions by way of contempt of Court. I further understand and agree to submit myself to the personal jurisdiction of this Court.

DATED this the _____ day of _____, 2006

_____
**[SIGNATURE OF AFFIANT]**

**STATE OF ALABAMA            )**
                             **)**
**_____ COUNTY   )**

On this the \_\_\_\_\_ day of _____, 2006, before me, a Notary Public, State at Large, personally appeared _____, to me personally known, who being first duly sworn, acknowledged that he/she executed the foregoing instrument for the purposes therein mentioned and set forth.

_____
NOTARY PUBLIC
My Commission Expires:_____

(SEAL)