IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **ALFA LIFE INSURANCE CORPORATION** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: |
| v. ) | 2:05-cv-775-MHT |
| ) | |
| **ADVANTAGE CONSULTING GROUP, INC. AND RICHARD E. KNUTSON** ) | *ORAL ARGUMENT REQUESTED* |
| ) | |
| Defendants. ) | |

### RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION TO COMPEL JOINDER OF SOLCORP

**COMES NOW** Plaintiff Alfa Life Insurance Corporation ("Alfa"), by and through its undersigned counsel, and Opposes to the Defendants' Motion to Compel Joinder of Solcorp for the reasons stated herein below.

### I.   INTRODUCTION.

Defendant Advantage wishes to add Solcorp as a defendant to the subject action through a Rule 19 action for Joinder of Persons Needed for a Just Adjudication. Solcorp should not be joined, however, because Solcorp's joinder is not "feasible" under Rule 19(a) of the Federal Rules of Civil Procedure. Consider the following:

- Solcorp was not a party to the subject contract or any amendment thereto.

- Solcorp was not an intended beneficiary to the subject contract or amendment to the contract.

- Even the theoretical lawsuit fabricated by Advantage necessarily involves a different cause of action than Alfa's action against Advantage.

- Solcorp would not be legally bound by any judgment in this matter.

- There has been no claim or assertion that Advantage might be liable for double, multiple, or inconsistent damages.

- No party to this suit has made a claim of any kind against Solcorp.

Failure to include Solcorp as a defendant in the present action will simply have no effect on the current parties or the litigation. Complete relief can be granted Alfa and Advantage in Solcorp's absence and neither Solcorp, nor Alfa, nor Advantage would be prejudiced if Solcorp is not joined to this action. Solcorp's joinder is not feasible.

## II.    LEGAL STANDARD.

Rule 19(a) states in relevant part:

> **JOINDER OF PERSONS NEEDED FOR JUST ADJUDICATION**
>
> **(a) Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action *if* (1) in his absence, complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the act in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

FED. R. CIV. P. (1966) (emphasis added).

In analyzing whether joinder of a party is "feasible," or "indispensable," "'pragmatic concerns, especially the effect on the parties and the litigation,' control."[1]

*Challenge Homes, Inc. v. Greater Naples Care Center, Inc.*, 669 F.2d 667, 669 (11th Cir.

---

[1] Feasibility is the first part of the two-part test to determine whether a party is "indispensable." *Challenge Homes, Inc.*, 669 F.2d at 669. If it is not feasible for a party to be joined, then the party is not indispensable. *See e.g.*, *id.*

2

1982) (quoting *Smith v. State Farm Fire & Casualty Co.*, 633 F.2d 401, 405 (5th Cir. 1980). *See also*, *In re Torcise*, 116 F.3d 860, 865 (11th Cir. 1997) ("[F]indings of indispensability must be based on stated pragmatic considerations, especially the effect on parties and on litigation."). "[A] court does not know whether a particular person is "indispensable" until it has examined the situation to determine whether it can proceed without him." *In re Torcise*, 116 F.3d at 866.

### III.    DISCUSSION.

In both *Challenge Homes, Inc.* and *In re Torcise*, the courts performed Rule 19(a) analyses to determine that the parties sought to be joined should not actually be joined. In both cases, the courts found that joinder was *not feasible*. The first question to ask in making that determination is, whether complete relief can be accorded among those already parties to the action, i.e. Alfa and Advantage. FED. R. CIV. P., Rule 19(a)(1). The second question is whether Solcorp, the absent party, or Alfa or Advantage, the present litigants, will be prejudiced if Solcorp is not joined as a defendant. FED. R. CIV. P., Rule 19(a)(2); *Challenge Homes, Inc.*, 669 F.2d at 670. ("The second part of Rule 19(a) focuses on possible prejudice either to the absent party . . . or to the present litigants. . ."). Because complete relief can be afforded Alfa and Advantage in Solcorp's absence and because neither Solcorp, nor Alfa or Advantage will be prejudiced absent any joinder, Solcorp's joinder is *not feasible*.

### A.    Complete Relief Can Be Afforded Alfa and Advantage in Solcorp's Absence.

In *Challenge Homes, Inc.*, the underlying claim involved the terms of a lease agreement between two nursing home corporations. 669 F.2d at 668. The defendant corporation and its owner sought to have the president of the plaintiff corporation joined

3

because the president of the plaintiff corporation had allegedly breached his fiduciary duty in arriving at the terms of the lease. *Id.* However, only the lessor and the lessee had any interest in the lease agreement; the president did not. *Id.* at 670. Therefore, complete relief *could* be afforded the parties that *were* privy to the lease agreement. *See*, *id.*

In *In re Torcise*, the defendant, a bank, owing money to two separate parties for actions arising from the same underlying facts, was not prejudiced by the potential payment to both plaintiffs because the causes of action in the two suits were different and because the bank would be paying money for two separate injuries or damages. 116 F.3d at 862-63. In the first suit, the bank was sued for fraud in bankruptcy court for scheming creditors out of monies owed to them by the bankrupt debtor. *Id*. In the second suit, a secured creditor sought recovery in district court against the bank and other joint tortfeasors on a variety of tort claims including conversion and interference with a business relationship following its inability to collect money that was originally assigned as collateral in a security agreement with the bankrupt debtor and now was held by the bank. *Id.* at 864-65. In applying Rule 19(a), the *In re Torcise* court determined that the secured creditor was not a party that should have been joined to the bankruptcy action largely because the cause of action against the bank was *different* in each case. *Id.* at 866-67.

Just as the president in *Challenge Homes, Inc.* was not joined to the action between the lessor and lessee because he was not privy to the lease agreement, Solcorp should not be joined to the subject action between Alfa and Advantage because Solcorp was not privy to the subject contract or any amendment thereto. While the word "Solcorp" appears in the "First Amendment to the Contract," it is not used to describe

4

Solcorp as a party or to delineate Solcorp's responsibilities in any way. It was simply an adjective used to describe the overall project of converting the underlying data of Alfa's life insurance policies into the Ingenium software package.

As evident in Schedule B of the contract, it was *Advantage* that agreed to "conver[t] the underlying data of the life insurance policies administered by Alfa . . . into the Ingenium v6.3.1 software package," *not Solcorp*. (See Exhibit A, Schedule B). The document attached to Defendants' Memorandum as Exhibit 3 that purports to set forth Alfa's, Solcorp's, and Advantage's project responsibilities is *not* part of the written contract between Advantage and Alfa. Clearly, Solcorp was not a party to the subject contract, nor was it an intended beneficiary.

Further, just as the claim in *In re Torcise* involved a different cause of action against the bank from the bankruptcy lawsuit, the *theoretical* lawsuit fabricated by Advantage wherein Alfa would purportedly have a claim against Solcorp necessarily involves a different cause of action than Alfa's action against Advantage. Advantage has failed to set forth any factual or legal basis for recovery against Solcorp by Alfa. Indeed, Advantage has failed even to articulate what Alfa's theoretical cause of action against Solcorp would be. Alfa has claimed damages for fraud, breach of contract, rescission of contract, negligence, unjust enrichment, and breach of warranty resulting from Advantage's actions and inactions. As stated above, the contract was between Alfa and Advantage; Solcorp was not a party. The warranty was given by Advantage to Alfa; it was not given by Solcorp. The fraudulent statements came from Advantage's agents and officers, not Solcorp's.

5

Advantage's negligent actions against Alfa are the only ones subject to this lawsuit. Advantage's ability to meet the project end date was contingent upon Advantage's own skill, expertise, knowledge, and timely execution of its services. Advantage had always represented to Alfa that it had the skill, expertise, knowledge, and ability to meet the project end date: "Advantage warrants and represents to Alfa that Advantage and its consultants will have the necessary skills and expertise to provide the services set forth [in the First Amendment to the Contract.]" (See Complaint, Exhibit B). Thus, Advantage's ability to meet the project end date was ***not*** "totally contingent upon Alfa's and Solcorp's completion of the modification tasks," as the Defendants assert.

Further, both Alfa and Solcorp substantially performed all of their duties and obligations in implementing the Ingenium software system. Alfa has never "admitted" and categorically and emphatically denies "admitting" that Solcorp is "essentially a joint tort feasor," as Defendants assert. (See Defendants' Memorandum in Support of Motion to Compel Joinder ("Joinder Memorandum"), p. 5). Defendants' assertion that "Alfa's Consulting Services Agreement with Advantage attributes at least one of the missed project end dates to Solcorp's delay" is untrue and lacks evidentiary support. (Joinder Memorandum, p. 6). Alfa has not asserted a claim or cause of action against Solcorp and, furthermore, Advantage has asserted *no indemnification claim* against Solcorp.

Because Alfa and Advantage were the only parties with an interest in the subject contract and because any cause of action against Solcorp would necessarily be different from the cause of action asserted against Advantage in the present case, complete relief can be granted to Alfa and all those who *actually are* parties to the subject action. Solcorp's joinder is therefore not feasible under Rule 19(a)(1).

### B. Neither Solcorp, Alfa, or Advantage will be Prejudiced Absent Joinder of Solcorp.

Solcorp's joinder is not feasible under Rule 19(a)(2), either. Neither Solcorp, nor the present litigants will be prejudiced if Solcorp is not joined as a party. Solcorp's non-joinder will in no way impair or impede Solcorp's ability to protect its interests. *See*, FED. R. CIV. P., Rule 19(a)(2)(i). Non-joinder would in no way leave Alfa or Advantage subject to any risk, let alone a substantial risk, of incurring double, multiple, or otherwise inconsistent obligations. *See*, FED. R. CIV. P., Rule 19(a)(2)(ii).

In *Challenge Homes, Inc.*, the president of the plaintiff corporation was not prejudiced in not being joined because, as a non-party, he would "not be legally bound by the judgment under principles of res judicata or collateral estoppel." 669 F.2d at 670. A judgment in the *Challenge Homes, Inc.* matter would have had no effect on the president and his absence would not have prejudiced the parties that were in the lawsuit and privy to the lease agreement. *Id.* at 670-71.

The comparison is clear. Because Solcorp was not a party to the subject contract, or to any amendment to the contract, complete relief can be accorded to Alfa and Advantage. Alfa and Advantage are parties to both the subject contract and to its amendment and are parties to the subject lawsuit. Solcorp will not be bound by a judgment under principles of either res judicata or collateral estoppel. *See*, *id.* at 670.

Advantage has expressed no concern about incurring double, multiple, or inconsistent liability in Solcorp's absence. Advantage's only assertion regarding prejudice is that failure to join Solcorp in the present action is tantamount to judicial inefficiency, which is conclusory only, and offers absolutely no allegation even purporting to show how Advantage or Solcorp would potentially be prejudiced. Besides,

7

Advantage wishes to join Solcorp as a defendant, *not as a plaintiff*, and Solcorp has made no claim against Advantage wherein Advantage might be liable for multiple or inconsistent damages.

Neither Solcorp, nor Alfa, nor Advantage need fear that their rights will be prejudiced if the present court makes an adjudication regarding the obligations of Advantage to Alfa without joining Solcorp as a defendant. Such an adjudication would have no effect, practical or otherwise, on Solcorp and there has been no assertion, whatsoever, that Alfa or Advantage might be subject to double, multiple, or inconsistent liabilities.

### C. Joinder is an Inappropriate Means for Advantage to Seek Indemnification.

Advantage's motion and supporting brief appear to attempt to state a claim for indemnification from Solcorp, under the pretense of a Motion for Joinder. A Rule 19 joinder is an inappropriate means for a defendant to seek indemnification. *See*, *Challenge Homes, Inc.*, 669 F.2d at 671.

### IV. CONCLUSION.

Advantage's Motion to Compel Joinder of Solcorp as a defendant should be denied because Solcorp's joinder is not feasible under Rule 19(a). First, Solcorp was not a party to, and had no interest in, the contract or any amendment to the contract entered into by Alfa and Advantage. Thus, Alfa and Advantage can be granted complete relief in absence of Solcorp. Second, Solcorp would not be bound by any adjudication regarding the present lawsuit and Advantage has failed to show any evidence that it might incur double, multiple, or otherwise inconsistent obligations. Thus, there is no evidence that any party, Solcorp, Alfa, or Advantage, would be prejudiced by Solcorp's absence from

this lawsuit. Further, joinder is an inappropriate means for Advantage to seek indemnification against Solcorp. Therefore, no grounds for feasibility for the joinder of Solcorp to the present action exist and Advantage's Motion to Compel Joinder of Solcorp should be *denied*.

WHEREFORE, Alfa respectfully request that this Honorable Court DENY the Defendants' Motion to Compel Joinder of Solcorp.

### *ORAL ARGUMENT REQUESTED*

Respectfully Submitted,


/s/ William P. Gray
WILLIAM P. GRAY, JR. (ASB-5268-R78W)
DOUGLAS N. ROBERTSON (ASB-1128-O76R)
Attorneys for Plaintiff,
Alfa Life Insurance Corporation

OF COUSEL:
GRAY & ASSOCIATES, L.L.C.
3800 Colonnade Parkway, Suite 545
Birmingham, Alabama 35243
Phone (205) 968-0900
Facsimile (205) 968-6534

## CERTIFICATE OF SERVICE

      I certify that on the tenth day of May, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Anne L. Wohlfeld, Esq.
J. Forrest Hinton, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
1600 SouthTrust Tower
420 20th Street North
Birmingham, Alabama  35203-5202

                                              /s/ William P. Gray
                                              Of Counsel