IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| ALFA LIFE INSURANCE CORPORATION, ) ) ) | |
| Plaintiff, ) ) ) | CIVIL ACTION NO. |
| v. ) ) ) | 2:05cv775-MHT (WO) |
| ADVANTAGE CONSULTING GROUP, INC., and RICHARD E. KNUTSON, ) ) ) ) | |
| Defendants. ) | |

OPINION AND ORDER

Plaintiff Alfa Life Insurance Corporation filed this lawsuit against defendants Advantage Consulting Group and Richard E. Knutson asserting a number of contract and tort claims, including breach of contract, rescission, misrepresentation, and negligence.  These allegations arise from a contract between Alfa and Advantage according to which Advantage was to analyze and convert Alfa's life insurance data to a new software system.  The cause is before the court on defendant Advantage's motion

to compel joinder of a third party--Solcorp--pursuant to Rule 19(a) of the Federal Rules of Civil Procedure.

Rule 19 provides for compulsory joinder of persons needed for just adjudication of a matter.  A party will be considered necessary for the purposes of Rule 19 if:

> "(1) in his absence, complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the act in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

Fed. Rule Civ. Pro. 19(a).

Compulsory joinder is therefore mandated when a plaintiff's interest in structuring its own case is outweighed by the risk of harm resulting from one of the three factors identified in Rule 19(a): (1) impossibility of granting complete relief; (2) potential prejudice to the absent party; or (3) potential prejudice to the

existing litigants.  Challenge Homes, Inc. v. Greater Naples Care Center, Inc., 669 F.2d 667, 670 (11th Cir. 1982) (discussing Rule 19 factors in deciding whether a party is necessary to the litigation); Moore's Federal Practice 3D § 19.03[1] ("The compulsory joinder rule mandates joinder in three situations which reflect, respectively, three policy interests served by the Rule...").  In deciding whether a party should be joined under Rule 19, "pragmatic concerns, especially the effect on the parties and the litigation, control."  Challenge Homes, 669 F.2d at 669 (internal citations omitted).

    Advantage argues that its ability to perform its contractual data-conversion tasks was dependant upon the actions of Solcorp, the company whose software program Alfa sought to use, and whom Advantage now seeks to join in this litigation.  Advantage asserts that the absence of Solcorp as a party will prevent the court from granting complete relief, will potentially subject Advantage to multiple or inconsistent liability, and will

potentially subject Solcorp to future liability should Alfa decide to sue it.

Advantage's third assertion is correct: duplicative litigation may result should Alfa decide to sue Solcorp in the future. However, while the assertion of a common question of law or fact arising from the same transaction could make Solcorp a proper party to this litigation, Rule 20 makes clear that joinder of such parties is permissive: "the plaintiff remains free to refuse to join proper parties, leaving them to sue or be sued in other cases." Moore's Federal Practice 3D § 19.02[2][b].

As for its other assertions, Advantage does not articulate any reason why, in the absence of Solcorp, complete relief could not be accorded as between Alfa and Advantage, or how Advantage might incur inconsistent or multiple obligations. Advantage agrees, for example, that Solcorp is not a party to Advantage's contract with Alfa, which exists separately from any contractual relationship between Alfa and Solcorp. Instead,

4

Advantage suggests that Solcorp should be compulsorily joined because it is allegedly a joint tortfeasor.

To the extent Advantage will assert a defense based on Solcorp's actions, that defense is in no way compromised by the absence of Solcorp as a party. To the extent Advantage seeks indemnification from Solcorp, or fears a future suit for indemnification from Solcorp, Advantage may seek to protect itself by impleading Solcorp under Rule 14. "While joint tortfeasors are not 'necessary' parties as defined by the compulsory joinder rule, they are subject to impleader." Moore's Federal Practice 3D § 19.02[5][c]. See also 19.03[4][d], citing Temple v. Synthes Corp., 498 U.S. 5 (1990)(holding that joint tortfeasors are not necessary parties under Rule 19).

Advantage relies on language in Laker Airways, Inc. v. British Airways, PLC, 182 F.3d 843 (11th Cir. 1999), in which the Eleventh Circuit held that "a joint tortfeasor will be considered a necessary party when the

absent party 'emerges as an active participant' in the allegations made in the complaint that are 'critical to the disposition of the important issues in the litigation.'"  Id. at 848 (citing Haas v. Jefferson National Bank, 442 F.2d 394, 398 (5th Cir. 1971)).*

However, the Eleventh Circuit also found that the interests of the third party in Laker were "more significant than those of a routine joint tortfeasor" because the particular nature of the antitrust conspiracy claims in that case required a finding that the defendant conspired with the third party to allocate airline slots at London's Gatwick Airport, a process over which the third party exercised exclusive control.  Id.  While Advantage may have a defense to the claims raised in the case at bar based on Solcorp's actions, nowhere do the pleadings allege that Solcorp was more than a routine

---

*In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

joint tortfeasor.  In particular, it is not alleged that Solcorp's potential responsibility for any failure of Advantage to meet its legal obligations was of the active, participatory, and critical sort identified in <u>Laker</u> as grounds for compulsory joinder.

Consequently, the court finds that the absence of Solcorp as a party to this litigation will not prevent the allocation of complete relief, nor prejudice the interests of Solcorp or the existing litigants.

It is therefore ORDERED that defendant Advantage Consulting Group's motion to compel joinder (Doc. No. 31) is denied.

DONE, this the 23rd day of May, 2006.

　　　　　　　　　　　　　　　/s/ Myron H. Thompson
　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE