IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALFA LIFE INSURANCE CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ADVANTAGE CONSULTING GROUP, INC., )<br>and RICHARD E. KNUTSON, )<br>)<br>Defendants. ) | Case No. CV-05-775-MHT |

**DEFENDANT ADVANTAGE CONSULTING GROUP, INC.'S
MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**

Pursuant to FED. R. CIV. P. 14(a), Defendant Advantage Consulting Group, Inc. ("Advantage"), moves the Court for leave to file the proposed third-party complaint attached hereto as **Exhibit A** against EDS Solcorp, a wholly-owned subsidiary of EDS ("Solcorp").[1] As grounds for this motion, Advantage states as follows:

1. On May 23, 2006, the Court denied Advantage's motion to compel joinder of Solcorp as a party-defendant to the claims pursued by Plaintiff Alfa Life Insurance Corporation ("Alfa"). Opinion and Order, May 23, 2006, *Alfa Life Ins. Corp. v. Advantage Consulting Group, Inc., et al.*, Civil Action No. 2:05cv775-MHT. The Court noted, however, that Advantage's defenses to Alfa's claims are based, in part, on Advantage's allegations that its work under the Alfa-Advantage contracts was dependent on the actions of Solcorp in performing its obligations under its own agreements with Alfa. *Id.* at 3.

2. The Court left open the possibility that Advantage could bring third-party claims against Solcorp in this action with the statement: "To the extent Advantage seeks

---

[1] Because of the size of the exhibits to the proposed third-party complaint, and because these documents are already part of the pleadings, Advantage has not attached them to this motion.

indemnification from Solcorp, or fears a future suit for indemnification by Solcorp, Advantage may seek to protect itself by impleading Solcorp under Rule 14. 'While joint tortfeasors are not 'necessary parties' as defined by the compulsory joinder rules, they are subject to impleader.'" *Id.* at 5 (citations omitted).

3. Advantage now seeks to do exactly what the Court suggested. The proposed third-party complaint attached hereto asserts claims against Solcorp for common law indemnification, contribution, and negligence arising from Alfa's claims against Advantage. Thus, the claims contained in the third-party complaint satisfy Rule 14(a)'s requirement that impleader claims be derivative of the plaintiff's claims against the original defendant. *Allstate Ins. Co. v. Hugh Cole Builder, Inc.*, 187 F.R.D. 671, 673 (M.D. Ala. 1999).

4. Rule 14 is to be construed liberally so as to reduce multiplicity of litigation and potentially inconsistent results. *See New Market Acquisitions, Ltd. v. Powerhouse Gym*, 154 F. Supp. 2d 1213, 1228 (S.D. Ohio 2001); *United States v. J & D Enter. of Duluth*, 955 F. Supp. 1153, 1156 (D. Minn. 1997); *Fed. Deposit Ins. Corp. v. Loube*, 134 F.R.D. 270, 272 (N.D. Cal. 1991) ("Since [Rule 14] is designed to reduce multiplicity of litigation, it is construed liberally in favor of allowing impleader."). Impleading Solcorp is proper because it will avoid the multiplicity of litigation over the same set of facts and circumstances that will ensue if Advantage is required to assert the claims in the proposed third-party complaint in a separate action.

WHEREFORE, Advantage moves for leave to file the proposed third-party complaint attached hereto.

B PH 712137 v1
2900506-000001 06/01/2006

/s/ W. Patton Hahn
J. FORREST HINTON
W. PATTON HAHN
JAMES F. BARGER, JR.
Attorneys for Defendants Advantage Consulting Group, Inc. and Richard E. Knutson

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
A Professional Corporation
420 20th Street North
Wachovia Tower, Suite 1600
Birmingham, Alabama 35203-5202
(205) 328-0480

## CERTIFICATE OF SERVICE

hereby certify that on June 1, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, that all parties are represented by counsel to whom the CM/ECF system will send a Notice of Electronic Filing.  Pursuant to Section II(B)(1)(a) of this Court's Administrative Procedures for Filing, Signing and Verifying Pleadings in the District Court Under the Case Management/Electronic Case Files (CM/ECF) System, such notice is the equivalent of service by hand delivery.

Mr. William P. Gray, Jr.
Mr. Douglas N. Robertson
Gray & Associates, L.L.C.
3800 Colonnade Parkway, Suite 545
Birmingham, Alabama 35243

W. Patton Hahn
OF COUNSEL

B PH 712137 v1
2900506-000001 06/01/2006