IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ALFA LIFE INSURANCE CORPORATION,** )<br>)<br>) | |
| **Plaintiff,** )<br>) | |
| **v.** )<br>) | **CIVIL ACTION NO.**<br>**CV-05-775-MHT** |
| **ADVANTAGE CONSULTING GROUP, INC. and RICHARD E. KNUTSON,** )<br>)<br>)<br>) | |
| **Defendants.** )<br>) | |

## ANSWER TO THIRD PARTY COMPLAINT

COMES NOW EDS Solcorp ("Defendant" or "Solcorp"), and for its answer to Plaintiff Advantage Consulting Group, Inc.'s ("Advantage" or "Plaintiff") Complaint states as follows:

## STATEMENT OF PARTIES AND JURISDICTION

1.      Solcorp is without sufficient information to admit or deny the allegations of paragraph 1 and, therefore, denies the allegations of paragraph 1 and demands strict proof thereof.

2.      Solcorp is incorporated in Ontario, Canada and is headquartered in Toronto, Canada.

3.      Admitted.

1482678

4.      Admitted.

## FACTUAL ALLEGATIONS

5.      Solcorp denies the allegations of paragraph 5 and demands strict proof thereof.

6.      Solcorp denies the allegations of paragraph 6 and demands strict proof thereof.

7.      Solcorp denies the allegations of paragraph 7 and demands strict proof thereof.

8.      Solcorp denies the allegations of paragraph 8 and demands strict proof thereof.

9.      Admitted.

10.     Solcorp denies the allegations of paragraph 10 and demands strict proof thereof.

11.     Solcorp denies the allegations of paragraph 11 and demands strict proof thereof.

12.     Solcorp denies the allegations of paragraph 12 and demands strict proof thereof.

13.     Solcorp denies the allegations of paragraph 13 and demands strict proof thereof.

14.    Solcorp denies the allegations of paragraph 14 and demands strict proof thereof.

15.    Solcorp denies the allegations of paragraph 15 and demands strict proof thereof.

16.    Solcorp denies the allegations of paragraph 16 and demands strict proof thereof.

17.    Solcorp denies the allegations of paragraph 17 and demands strict proof thereof.

18.    Solcorp denies the allegations of paragraph 18 and demands strict proof thereof.

19.    Solcorp denies the allegations of paragraph 19 and demands strict proof thereof.

20.    Solcorp denies the allegations of paragraph 20 and demands strict proof thereof.

21.    Solcorp denies the allegations of paragraph 21 and demands strict proof thereof.

22.    Solcorp denies the allegations of paragraph 22 and demands strict proof thereof.

23.    Solcorp denies the allegations of paragraph 23 and demands strict proof thereof.

24.    Solcorp denies the allegations of paragraph 24 and demands strict proof thereof.

25.    Solcorp denies the allegations of paragraph 25 and demands strict proof thereof.

26.    Solcorp denies the allegations of paragraph 26 and demands strict proof thereof.

27.    Solcorp denies the allegations of paragraph 27 and demands strict proof thereof.

28.    Solcorp denies the allegations of paragraph 28 and demands strict proof thereof.

29.    Solcorp denies the allegations of paragraph 29 and demands strict proof thereof.

30.    Solcorp denies the allegations of paragraph 30 and demands strict proof thereof.

31.    Solcorp denies the allegations of paragraph 31 and demands strict proof thereof.

32.    Solcorp denies the allegations of paragraph 32 and demands strict proof thereof.

## COUNT ONE

## INDEMNITY

33.     Solcorp adopts and incorporates its answers to the preceding paragraphs as if set forth fully herein.

34.     Solcorp denies the allegations of paragraph 34 and demands strict proof thereof.

35.     Solcorp denies the allegations of paragraph 35 and demands strict proof thereof.

36.     Solcorp denies the allegations of paragraph 36 and demands strict proof thereof.

## COUNT TWO

## CONTRIBUTION

37.     Solcorp adopts and incorporates its answers to the preceding paragraphs as if set forth fully herein.

38.     Solcorp denies the allegations of paragraph 38 and demands strict proof thereof.

39.     Solcorp denies the allegations of paragraph 39 and demands strict proof thereof.

## COUNT THREE

## NEGLIGENCE

40.    Solcorp adopts and incorporates its answers to the preceding paragraphs as if set forth fully herein.

41.    Solcorp denies the allegations of paragraph 41 and demands strict proof thereof.

42.    Solcorp denies the allegations of paragraph 42 and demands strict proof thereof.

43.    Solcorp denies the allegations of paragraph 43 and demands strict proof thereof.

44.    Solcorp denies the allegations of paragraph 44 and demands strict proof thereof.

Solcorp denies that Advantage is entitled to any judgment against Solcorp or any award of damages, fees, interest, costs and any other damages.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

The Complaint, and each count therein, fails to state a claim against this Defendant upon which relief can be granted.

## SECOND DEFENSE

This Defendant is not guilty of any of the allegations made against it in the Complaint.

## THIRD DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel and laches.

## FOURTH DEFENSE

Plaintiff's claims are barred by the doctrines of ratification, consent and acquiescence.

## FIFTH DEFENSE

Plaintiff's claims are barred by the statute of limitations.

## SIXTH DEFENSE

Solcorp did not cause or contribute to cause any of the injuries and/or damages alleged by Plaintiff.

## SEVENTH DEFENSE

Any damages or injuries alleged by Plaintiff were the result of other entities and/or individuals.

## EIGHTH DEFENSE

Plaintiff is guilty of contributory negligence.

## NINTH DEFENSE

Solcorp is an improper party in this case because it do not commit any of the acts or omissions that are attributed to it in the Complaint.

## TENTH DEFENSE

Plaintiff does not have standing to allege the causes of action asserted in its Complaint against this Defendant.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by its failure to mitigate damages.

## TWELFTH DEFENSE

Plaintiff's injuries were the result of an intervening or superseding cause or the acts of third parties over which Defendant had not responsibility of control and for which Defendant may not be held liable.

## THIRTEENTH DEFENSE

Plaintiff cannot recover from this Defendant because no privity contract exists between Plaintiff and this Defendant.

## FOURTEENTH DEFENSE

There is no basis in fact or law for Plaintiff's claims for punitive damages in the complaint. Moreover, an award of punitive damages in this case would serve no purpose for which punitive damages are awarded in Alabama.

## FIFTEENTH DEFENSE

Plaintiff's claims for punitive damages against Defendant cannot be upheld to the extent they are in violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages.

## SIXTEENTH DEFENSE

Plaintiff's claims for punitive damages cannot be upheld to the extent they contravene the principles established by United States Supreme Court in *BMW v. Gore*, 116 S.Ct. 1589 (1996), *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003), prohibiting the imposition of grossly excessive or arbitrary punitive damage awards.

## SEVENTEENTH DEFENSE

Plaintiff's claims for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the United States Constitution, the Alabama Constitution and/or the common law or the public policies of the United States and Alabama on the following grounds:

(a)     It is a violation of the United States Constitution and the Alabama Constitution to impose punitive damages, which are penal in nature, against a civil

defendant, upon Plaintiff satisfying a burden of proof which is less than the beyond a reasonable doubt standard required in criminal cases.

(b)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant, which violates Defendant's right to due process guaranteed by the United States Constitution and the Alabama Constitution.

(c)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which deprives Defendant of due process of law in violation of the United States Constitution and the Alabama Constitution.

(d)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, indefinite and uncertain, and they deprive Defendant of due process of law in violation of the United States Constitution and the Alabama Constitution.

(e)    An award of punitive damages in this case would constitute a deprivation of property without due process of law.

(f)    The procedures pursuant to which punitive damages are awarded may result in the imposition of different or disparate penalties for the same or similar acts, which deprives Defendant of its right to equal protection and due process in violation of the United States Constitution and the Alabama Constitution.

(g)     Plaintiff's claims for punitive damages against Defendant cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against multiple awards of punitive damages for the same course of conduct, will violate Defendant's due process and equal protection rights under the United States Constitution and the Alabama Constitution. Further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

(h)     The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution,  Article I, § 15 and Article I, § 1 of the Alabama Constitution, and in violation of Defendant's due process rights.

(i)     Plaintiff's claims for punitive damages against Defendant cannot be sustained because any award of punitive damages under Alabama law would violate Defendant's due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of moral discretion without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

(j)     Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages are unconstitutionally vague, indefinite and uncertain, and they deprive Defendant of due process of law.

(k)     Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages cause Defendant to be treated differently from other similarly situated persons/entities by subjecting Defendant to liability beyond the actual loss, if any, caused by Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

(l)     Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages subject Defendant to punishment for the conduct of others through vicarious liability, *respondent superior*, or through nonapportionment of damages among joint tortfeasors based on the respective enormity of their alleged misconduct, in violation of Defendant's due process rights under the United States Constitution and the Alabama Constitution.

(m)     Plaintiff's claims for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages expose Defendant to the risk of indefinable, unlimited liability

unrelated to the actual loss caused by Defendant's conduct, creating a chilling effect on Defendant's exercise of its right to a judicial resolution of this dispute.

(n)     The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

(o)     The procedures pursuant to which punitive damages are awarded subject Defendant to punishment under a law not fully established before the alleged offense.

(p)     Plaintiff's claims for punitive damages are barred to the extent that they seek the admission into evidence of Defendant's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in a defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the United States Constitution and Article I, § § 1, 6, 13, and 22 of the Alabama Constitution.

(q)     Plaintiff's claims for punitive damages against Defendant cannot be upheld, because any award of punitive damages under Alabama law without bifurcating the trial of all punitive damages would violate Defendants' due process rights guaranteed by the United States Constitution and the Alabama Constitution.

(r)   Punitive damages are a form of criminal or quasi-criminal sanctions. Therefore, Plaintiff's claims for punitive damages cannot be upheld, because an award of punitive damages without the same protections that are accorded criminal defendants, including, but not limited to, protection against searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, to proof by evidence beyond a reasonable doubt, and to a speedy trial would violate Defendant's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, § § 1, 5, 6, 7, 9, 11, 13 and 22 of the Alabama Constitution.  These rights will be violated unless Defendants are afforded the safeguards guaranteed by these provisions, including, but not limited to, the right to separate trials if requested by it for the determination of liability for compensatory and punitive damages, as well as for the determination of the amount of punitive damages, if any.

(s)   Plaintiff's claims for punitive damages against Defendant cannot be upheld, because an award of punitive damages under Alabama law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate Defendant's due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

## EIGHTEENTH DEFENSE

Defendant reserves the right to amend its answer in accordance with any additional discovery conducted in this case.

_(signature)_
_____

John C. Morrow (MOR054)
Geoffrey S. Bald (BAL032)

Attorneys for Defendants
EDS SOLCORP

**OF COUNSEL:**

BURR & FORMAN LLP
420 North 20th Street, Suite 3100
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 17th day of July, 2006:

J. Forrest Hinton
Anne L. Wohlfeld
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
420 North 20th Street
Suite 1600
Wachovia Tower
Birmingham, Alabama  35203-5202

William P. Gray, Jr.
Douglas N. Robertson
Gray & Associates, L.L.C.
3800 Colonnade Parkway
Suite 545
Birmingham, Alabama  35243

OF COUNSEL