## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **ALFA LIFE INSURANCE CORPORATION** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **Civil Action No.:** |
| **v.** | ) ) | **2:05-cv-775-MHT** |
| **ADVANTAGE CONSULTING GROUP, INC. AND RICHARD E. KNUTSON** | ) ) ) ) | |
| **Defendants.** | ) ) ) | |

## ALFA LIFE INSURANCE CORPORATION'S ANSWER TO ADVANTAGE CONSULTING GROUP, INC.'S COUNTERCLAIM

COMES NOW the Plaintiff and Counter-Defendant, Alfa Life Insurance Corporation ("Alfa"), by and through its undersigned counsel of record, and answers the Defendant and Counterclaimant, Advantage Consulting Group, Inc.'s ("ACG's") Counterclaim by stating the following:

1.    This Defendant admits the allegations contained in paragraph 1.

2.    This Defendant admits the allegations contained in paragraph 2.

3.    This Defendant admits the allegations contained in paragraph 3.

4.    This Defendant admits the allegations contained in paragraph 4.

5.    This Defendant admits the allegations contained in paragraph 5.

6.    This Defendant admits the allegations contained in paragraph 6.

7.      This Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 7 and therefore denies the allegations contained therein and demands strict proof thereof.

8.      This Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 8 and therefore denies the allegations contained therein and demands strict proof thereof.

9.      This Defendant admits the allegations contained in paragraph 9.

10.     This Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 10 and therefore denies the allegations contained therein and demands strict proof thereof.

11.     This Defendant admits the allegations contained in paragraph 11.

12.     This Defendant admits that Alfa retained ACG to perform an analysis of Alfa's computer data systems and that ACG presented Alfa with a determination of the requisite conversion tasks and a completion date but this Defendant denies that the determination was ever presented to Alfa as an "initial" determination or that the completion date was ever presented to Alfa as an "estimated" completion date. This Defendant denies the remaining allegations contained in paragraph 12.

13.     This Defendant admits that the likely date that Alfa and ACG entered the contract was on or about the "Project Begin Date," which, under the terms and conditions of the contract, is February 25, 2002, despite the fact that the contract was not actually signed until May 8, 2002. This Defendant asserts that the contract attached to ACG's Counterclaim as "Exhibit 1" appears to be a true and correct copy of the contract attached to Alfa's Complaint as "Exhibit A." This Defendant asserts that the contract is the best evidence, and speaks for itself, therefore this Defendant denies any and all

characterizations of the terms and conditions of the contract in paragraph 13 that are inconsistent with the actual terms and conditions of the contract and denies any remaining allegations contained in paragraph 13.

14.    This Defendant admits that the language quoted in paragraph 14 appears to be a correct quote from the contract and that the contract provided for payment of $619,230.00. This Defendant asserts that the contract is the best evidence, and speaks for itself. This Defendant asserts that the payment of $619,230.00 was for "the entire contract" and denies any and all further characterizations of the terms and conditions of the contract in paragraph 14 that are inconsistent with the actual terms and conditions of the contract and denies any remaining allegations contained in paragraph 14.

15.    This Defendant admits that the language quoted in paragraph 15 appears to be a correct quote that was excerpted from the contract. This Defendant asserts that the contract is the best evidence, however, and speaks for itself.

16.    This Defendant admits the allegations contained in paragraph 16.

17.    This Defendant asserts that the contract is the best evidence, and speaks for itself. This Defendant asserts that ACG was hired to perform data conversion "services," including analysis, documentation, mapping, issue resolution, programming, and testing and denies any and all further characterizations of the terms and conditions of the contract in paragraph 17 that are inconsistent with the actual terms and conditions of the contract and denies any remaining allegations contained in paragraph 17.

18.    This Defendant admits that ACG began performing the data conversion services, but denies that they were performed pursuant to the terms of the contract and denies the remaining allegations contained in paragraph 18 and demands strict proof thereof.

19.     This Defendant denies the allegations contained in paragraph 19 and demands strict proof thereof.

20.     This Defendant denies the allegations contained in paragraph 20 and demands strict proof thereof.

21.     This Defendant denies the allegations contained in paragraph 21, especially in light of lines seven (7) to ten (10) under "Scope of Services" in Schedule "F," and demands strict proof thereof.

22.     This Defendant admits that it agreed to modify the contract with ACG as provided in the First Amendment to the Contract, but denies any implication that Alfa had the requisite knowledge with which to make an informed decision as to whether or not to modify the contract and denies that the contract modification was for any reason other than ACG's failure to perform under the terms and conditions of the original contract.  This Defendant asserts that the amendment attached to ACG's Counterclaim as "Exhibit 3" appears to be a true and correct copy of the First Amendment to the Contract attached to Alfa's Complaint as "Exhibit B."

23.     This Defendant admits that Alfa and ACG representatives signed the "Consulting Services Agreement" entitled, "Schedule F" on the same date that they signed the First Amendment to the Contract but this Defendant denies the remaining allegations contained in paragraph 23.

24.     This Defendant admits that the language quoted in paragraph 24 appears to be a correct quote excerpted from Schedule F of the First Amendment to the Contract.

25.     This Defendant denies the allegations contained in paragraph 25 and demands strict proof thereof.

26.     This Defendant admits that the language quoted in paragraph 26 appears to be a correct quote excerpted from Schedule F of the First Amendment to the Contract.

27.     This Defendant asserts that the contract and the First Amendment to the Contract are the best evidence, and speaks for themselves.   This Defendant denies any and all characterizations of the terms and conditions of the contract and the First Amendment to the Contract in paragraph 27 that are inconsistent with the actual terms and conditions of the contract and denies any remaining allegations contained in paragraph 27.

28.     This Defendant admits that the language quoted in paragraph 28 appears to be a correct quote excerpted from Schedule F of the First Amendment to the Contract.

29.     This Defendant denies the allegations contained in paragraph 29 and demands strict proof thereof.

30.     This Defendant denies the allegations contained in paragraph 30 and demands strict proof thereof.

31.     This Defendant denies the allegations contained in paragraph 31 and demands strict proof thereof.

32.     This Defendant denies the allegations contained in paragraph 32 and demands strict proof thereof.

33.     This Defendant denies the allegations contained in paragraph 33 and demands strict proof thereof.

34.     This Defendant denies the allegations contained in paragraph 34 and demands strict proof thereof.

35.     This Defendant denies the allegations contained in paragraph 35 and demands strict proof thereof.

36.     This Defendant admits that Nancy Moore, on behalf of Bill Harper, sent Mike Kruziki an email on April 20, 2005 that stated that Bill Harper was "not scheduled to be back in the office fulltime until May 4," but this Defendant denies the remaining allegations contained in paragraph 36.

37.     This Defendant admits that Mike Kruziki sent an email to Nancy Moore and Bill Harper on April 26, 2005 that stated that Advantage wanted "to schedule a meeting with Mr. Harper as soon as possible upon his return," but this Defendant denies the remaining allegations contained in paragraph 37.

38.     This Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 38 and therefore denies the allegations contained therein and demands strict proof thereof.

39.     This Defendant denies the allegations contained in paragraph 39 and demands strict proof thereof.

40.     This Defendant denies the allegations contained in paragraph 40 and demands strict proof thereof.

41.     This Defendant denies the allegations contained in paragraph 41 and demands strict proof thereof.

42.     This Defendant denies the allegations contained in paragraph 42 and demands strict proof thereof.

43.     This Defendant incorporates its responses to the referenced paragraphs set forth above.

44.     This Defendant denies the allegations contained in paragraph 44 and demands strict proof thereof.

45.    This Defendant denies the allegations contained in paragraph 45 and demands strict proof thereof.

46.    This Defendant denies the allegations contained in paragraph 46 and demands strict proof thereof.

47.    This Defendant denies the allegations contained in paragraph 47 and demands strict proof thereof.

48.    This Defendant incorporates its responses to the referenced paragraphs set forth above.

49.    This Defendant denies the allegations contained in paragraph 49 and demands strict proof thereof.

50.    This Defendant denies the allegations contained in paragraph 50 and demands strict proof thereof.

51.    This Defendant denies the allegations contained in paragraph 51 and demands strict proof thereof.

52.    This Defendant denies the allegations contained in paragraph 52 and demands strict proof thereof.

53.    This Defendant incorporates its responses to the referenced paragraphs set forth above.

54.    This Defendant denies the allegations contained in paragraph 54 and demands strict proof thereof.

55.    This Defendant denies the allegations contained in paragraph 55 and demands strict proof thereof.

56.    This Defendant denies the allegations contained in paragraph 56 and demands strict proof thereof.

57.     This Defendant incorporates its responses to the referenced paragraphs set forth above.

58.     This Defendant denies the allegations contained in paragraph 58 and demands strict proof thereof.

59.     This Defendant denies the allegations contained in paragraph 59 and demands strict proof thereof.

60.     This Defendant denies the allegations contained in paragraph 60 and demands strict proof thereof.

61.     This Defendant denies the allegations contained in paragraph 61 and demands strict proof thereof.

## FIRST DEFENSE

The Counterclaim and each count thereof, separately and severely fails to state a claim against these Defendants upon which relief can be granted.

## SECOND DEFENSE

Defendant, Alfa, pleads not guilty to each and every cause of action and pleads not guilty to each and every material allegation set forth by the Plaintiffs in Plaintiffs' Counterclaim, both separately and severely.

## THIRD DEFENSE

This Defendant denies each and every material allegation of Plaintiffs' Counterclaim and demands strict proof thereof.

## FOURTH DEFENSE

## AFFIRMATIVE DEFENSES

1.    Each and every allegation of the Plaintiffs' Counterclaim, and, each and ever count and separate cause of action is barred by the applicable statutes of limitation, and thus Defendant, pleads the statutes of limitation in total and complete bar to every material allegation, claim and cause of action set forth in each and every count contained in Plaintiffs' Counterclaim.

2.    This Defendant pleads Estoppel.

3.    This Defendant pleads Waiver.

4.    This Defendant pleads Duress.

5.    This Defendant pleads Assumption of the Risk.

6.    This Defendant pleads Failure of Consideration.

7.    This Defendant pleads all matters and claims asserted in its Complaint as affirmative defenses.

8.    This Defendant pleads limitation of damages pursuant to the terms of the subject contract.

9.    This Defendant pleads any other matter constituting an avoidance or affirmative defense and reserves the right to amend its affirmative defenses as discovery continues.

10.    This Defendant pleads Failure to Qualify to do Business in Alabama as provided by ALA. CONST. Art. XII, § 232 and ALA. CODE § 10-2B-15.02 (1975).

11.    For affirmative defense this Defendant avers that it is not liable for any punitive damages for intentional wrongful conduct.

12.   This Defendant avers that it would not be liable for punitive damages for any alleged intentional wrongful conduct based upon the acts or omissions of any agent, servant, or employee of Alfa.

13.   This Defendant avers that the claims of the Plaintiffs for punitive damages under Alabama law, without bifurcating the trial and trying all punitive damage issues only if and after liability on the merits has been found, would violate the rights of this Defendant as guaranteed by the Fourteenth Amendment to the <u>United States Constitution</u> and would be improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes.

14.   This Defendant avers that the punitive damages sought by the Plaintiffs is in excess of the comparable maximums established for criminal fines by the Alabama Legislature in Section 13A-5-11 and Section 13A-5-12, ALA. CODE, 1975.

15.   This Defendant avers that each claim for punitive damages on its face and/or as applied in this case is a violation of the due process clause of the Fifth Amendment, <u>United States Constitution</u>, of the right to counsel provided by the Sixth Amendment, of the right to a trial by jury as provided by the Seventh Amendment, of the proportionality principles contained in the Eighth Amendment, of the due process clause of the Fourteenth Amendment and Article l, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the <u>Constitution of Alabama</u>, 1901, on the following separate and several grounds:

    a.   There are no standards provided by Alabama law for the imposition of punitive damages and, therefore, this Defendant has not been put on notice and given the opportunity to anticipate punitive liability and/or the

potential size of an award and to modify or conform its alleged wrongful conduct accordingly;

b.  The procedures to be followed would permit an award of punitive damages against this Defendant upon the satisfaction of a burden or proof less than that applicable to the imposition of criminal sanctions for equal culpability;

c.  The procedures to be followed in this case would permit multiple punitive damage awards for the same act or omission;

d.  There are no clear and consistent appellate standards of review of any award of punitive damages against this Defendant under present Alabama law;

e.  The standards of conduct upon which punitive damages are sought from this Defendant are vague and ambiguous;

f.  The procedures followed by Alabama courts and the guidelines given to jurors are vague and ambiguous in punitive damage cases;

g.  The procedures used by Alabama courts and the guidelines given to jurors are vague and ambiguous and thus impermissibly delegate to jurors basic policy matters;

h.  The procedures used by Alabama courts and the guidelines given to jurors are vague and ambiguous and thus impermissibly allow jurors broad, unlimited and undefined power to make determinations based solely on their own notions of what the law should be instead of what it is;

i.  The procedures pursuant to which punitive damages are awarded in Alabama and instructions used by the Alabama courts are vague and

ambiguous and thus fail to eliminate the effects of and to guard against impermissible jury passion;

j.     The present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, the amount to be awarded;

k.     The present Alabama law does not provide a meaningful opportunity for challenging the rational basis for any award of punitive damages;

l.     Section 6-11-20(a) and Section 6-11-20(b)(2)(b), ALA. CODE, 1975, allow for an unconstitutional, irrebuttable, mandatory presumption (definition of malice); and

m.     The present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of punitive damages awarded by the jury.

16.     For further affirmative defense, this Defendant avers that the imposition of punitive damages in this case will violate the equal protection clause of the Fifth Amendment and Fourteenth Amendment of the United States Constitution, and will deprive this Defendant of the right of equal protection under the laws as provided in Article l, Sections 1, 16 and 22 of the Constitution of Alabama, 1901, on the following separate and several grounds:

a.     The Plaintiffs seek punitive damages in excess of the respective maximums as established by the Alabama Legislature in Section 13A-5-11 and Section 13A-5-12, ALA. CODE, 1975, whereas those charged under

criminal statutes for similar or identical conduct will have the benefit of the cited code provisions;

b.    The procedures to be followed will permit the award of punitive damages against this Defendant upon the satisfaction of a burden of proof less than the applicable standard in a criminal case for criminal sanctions involving similar or identical levels of conduct;

c.    This Defendant is without procedural protection, is compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination whereas persons charged under criminal provisions for acts or omissions of similar culpability are protected from being compelled to disclose such documents and/or evidence by constitutional procedures and safeguards and the safeguards which are available in criminal cases.

17.    This Defendant avers that the Plaintiffs' demand for punitive damages against this Defendant is unconstitutional under the <u>Alabama Constitution</u>, 1901, because such demand violates Article 1, Section 6, by claiming punitive damages which are penal in nature while this Defendant is compelled to disclose documents and/or other evidence without any constitutional safeguards against self-incrimination.

18.    This Defendant avers that, by virtue of Section 6-11-20, ALA. CODE, 1975, punitive damages are not recoverable in this case.

19.    This Defendant avers that Alabama's post-verdict review procedure of punitive damages violates Article 1, Section 11 of the <u>Alabama Constitution</u>, because it

permits the court to review evidence not presented to the jury and apply legal standards on which the jury was not instructed.

20.  For an affirmative defense, this Defendant avers that any award of punitive damages against this Defendant will violate the excessive fines clause of the Eighth Amendment to the United States Constitution and/or will violate the excessive fine clause of Article 1, Section 16, Alabama Constitution.

21.  This Defendant avers that the Plaintiffs seek punitive damages from this Defendant in violation of the due process clause of the Fourteenth Amendment to the United States Constitution in one or more of the following respects:

   a.  The punitive damages claimed by the Plaintiffs in this case are vastly disproportionate to the actual damages allegedly sustained by the Plaintiffs, separately;

   b.  Any award of punitive damages to Plaintiffs in this case will constitute an arbitrary and capricious taking of the property of this Defendant, a taking which is unjustified by any rationally stated purpose; and

   c.  Any award of punitive damages to the Plaintiffs in this case with wholly standardless discretion is inconsistent with the due process rights of this Defendant.

22.  For an affirmative defense, this Defendant avers that any award of punitive damages to the Plaintiffs in this case will violate the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights of these Defendants to the United States Constitution and rights of these Defendants under Article 1, Section 1, Section 6 and Section 22, Alabama Constitution, 1901, on the following separate and several grounds:

a.   The procedures fail to provide a means for awarding punitive damages;

b.   The procedures fail to provide a limit on the amount of the award of punitive damages;

c.   The procedures fail to provide specific standards for the award of punitive damages;

d.   The procedures permit the award of punitive damages upon the satisfaction of a standard proof, which is less than that which is applicable to the imposition of criminal sanctions;

e.   The procedures fail to provide a clear and consistent appellate standard of review regarding the award of punitive damages;

f.   The procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability and compensatory damages are determined;

g.   The standards of conduct upon which punitive damages are awarded under Alabama law are vague and/or arbitrary; and

h.   The procedures permit the award of punitive damages based upon the satisfaction of a standard of proof, which is less than what is applicable to other tort feasors in other actions.

23.   This Defendant avers that any award of punitive damages against this Defendant cannot exceed the maximum as set by law and codified in Section 6-11-21, Ala. Code, 1975.

24.   This Defendant avers that any award of punitive damages against this Defendant would violate its rights to the constitutional safeguards provided under the due process laws of the Fourteenth Amendment, United States Constitution, in that

punitive damages are vague and not rationally related to any legitimate government interest.

25.    For affirmative defense, this Defendant avers that any award of punitive damage would violate Article 1, Section 6, <u>Alabama Constitution</u>, 1901, which provides that no person shall be deprived of life, liberty or property except by due process of law.

26.    This Defendant avers that any award of punitive damages in favor of the Plaintiffs against this Defendant would be a violation of the self-incrimination clause of the Fifth Amendment to the <u>United States Constitution</u> because to impose punitive damages against the Defendant would be penal in nature.

27.    For affirmative defense, this Defendant avers that any award of punitive damages against the Defendant would violate Article 1, Section 15, of the <u>Alabama Constitution</u>, 1901, as such damages will constitute an excessive fine.

28.    This Defendant avers that due process forbids vicarious punishment.

29.    This Defendant avers that due process permits punishment only upon proof by clear and convincing evidence.

30.    This Defendant avers that the Fourteenth Amendment of the <u>United States Constitution</u> affords due process protection against any excessive fine such as punitive damages.

31.    This Defendant avers that any award of punitive damages against this Defendant may result in the imposition of joint and several verdicts against multiple co-defendants and therefore punitive damages in this case are improper.

32.    This Defendant avers that any award of punitive damages in this case will constitute a deprivation of property without due process of law as guaranteed by

16

the due process clause of the Fifth Amendment and the due process clause of the Fourteenth Amendment of the United States Constitution.

33.    For affirmative defense, this Defendant avers that any award of punitive damages in this case will violate the prohibition against the laws which impair the obligation of contracts in violation of the contract clause, Article 1, Section 10, Clause 1, of the United States Constitution, and Article 1, Section 22, of the Alabama Constitution.

34.    This Defendant avers that any award of punitive damages against this Defendant will violate the constitutional rights of the Defendant to access to the courts as guaranteed under the First and Fourteenth Amendments, United States Constitution.

35.    This Defendant avers that he is entitled to a bifurcated trial on the issue of punitive damages under the due process clause of the Fourteenth Amendment to the United States Constitution.

36.    For affirmative defense, this Defendant avers that any award of punitive damages in this case will violate the Fourth Amendment rights of the Defendant (unlawful seizure of property), the Fifth Amendment rights of this Defendant (the right against self-incrimination during discovery and during trial), and the Sixth Amendment rights of this Defendant (the right to a fair trial).

37.    This Defendant avers and pleads the "common law" rights under Section 13, of the Alabama Constitution, 1901.

38.    This Defendant avers that the procedures pursuant to which punitive damages are awarded in Alabama may result in the award of joint and several verdicts for punitive damages.

39. For affirmative defense, this Defendant avers that the procedures pursuant to which punitive damages are actually awarded and allowed in Alabama fail to provide a reasonable limit on the amount of an award of punitive damages and thus said procedures violate the due process clause of the Fourteenth Amendment, United States Constitution.

40. This Defendant avers that any attempt by the Plaintiffs, separately, to impose punitive damages or extra-contractual damages upon the Defendant on the basis of vicarious liability violates the rights of this Defendant under the Fifth, Eighth, and Fourteenth Amendment to the United States Constitution.

41. This Defendant avers that the procedures pursuant to which penal damages are awarded under Alabama law permit the imposition of an excessive fine which violates Alabama Constitution, Article 1, Section 15.

42. This Defendant avers that any award of punitive damages against this Defendant in this case will violate the prohibition against laws which impair the obligation of contracts in violation of Alabama Constitution, Article 1, Section 22.

43. For affirmative defense, this Defendant avers that any award of punitive damages violates the due process clause of the Fourteenth Amendment of the United States Constitution and the double jeopardy clause of the Fifth Amendment of the United States Constitution as incorporated into the Fourteenth Amendment of the United States Constitution.

44. Each and every allegation of the Plaintiffs' Counterclaim and each and every count and separate cause of action, separately and severely, is barred by the applicable statutes of limitation, and, thus, this Defendant affirmatively pleads the statutes of limitation in total and complete bar to every material allegation, claim,

and cause of action set forth in each and every count in Plaintiffs' Counterclaim, separately and severely.

45.     This Defendant avers that the circumstances as alleged by the Plaintiffs do not support and will not sustain a claim of punitive damages under Alabama law.

## FIFTH DEFENSE

While this Defendant adamantly denies the allegations contained in Count II and III of the Plaintiffs' Counterclaim, and whereas the Defendant specifically denies all claims regarding alleged fraud on the part of this Defendant, this Defendant further states the affirmative defense that any purported reliance by the Plaintiffs would have not been reasonable under the circumstances.  Thus, this Defendant raises the defense of lack of reasonable reliance.

## SIXTH DEFENSE

Plaintiffs' claims for punitive damages are due to be struck as sufficient facts are not pled to permit Plaintiffs to recover punitive damages.

## SEVENTH DEFENSE

This Defendant avers that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama Legislature as set forth at Section 6-11-21, ALA. CODE, 1975.  The imposition of any amount of punitive damages in this case would be "excessive" according to the principles articulated in *Hammond v. City of Gadsden*, 493 So. 2d 1374, 1379 (Ala. 1986) & *Green Oil Co. v. Hornsby*, 539 So. 2d 218, 223-224 (Ala. 1989).

## EIGHTH DEFENSE

The Alabama system of instruction for punitive damages awards, together with the claims for punitive damages sought by Plaintiffs in this lawsuit, constitute a violation of the due process clause of the United States, under authority of *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 908 (1996).  The allegations made by the Plaintiffs in this action and the Plaintiffs' claims for punitive damages generally, and under the Alabama system specifically, constitute inadequate notice to this Defendant so as to deprive the Defendant of due process of law.


/s/ **William P. Gray**
WILLIAM P. GRAY, JR. (ASB-5268-R78W)
DOUGLAS N. ROBERTSON (ASB-1128-O76R)
Attorneys for Plaintiff,
Alfa Life Insurance Corporation

OF COUSEL:

GRAY & ASSOCIATES, L.L.C.
3800 Colonnade Parkway, Suite 545
Birmingham, Alabama 35243
Phone (205) 968-0900
Facsimile (205) 968-6534

## CERTIFICATE OF SERVICE

I certify that on the 28th day of February 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

J. Forrest Hinton, Esq.
William Patton Hahn, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
1600 SouthTrust Tower
420 20th Street North
Birmingham, Alabama  35203-5202

John C. Morrow, Esq.
Geoffrey S. Bald, Esq.
Burr & Forman LLP
420 20th Street North, Ste. 3100
Birmingham, Alabama  35203-5206

/s/ **William P. Gray**_____
Of Counsel